**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:26-cv-62027

|  |  |
|---|---|
| IMPORT GLOBAL, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>SEDIMENT BUSTER, LLC,<br>PLUMBING NERDS MFG, LLC, and<br>JOHN VERHOFF, individually,<br><br>                                    Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT, FALSE PATENT MARKING, FALSE ADVERTISING, TORTIOUS INTERFERENCE, AND VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Import Global, LLC ("Import Global"), by and through undersigned counsel, brings this action against Defendants Sediment Buster, LLC ("Sediment Buster"), Plumbing Nerds MFG, LLC ("Plumbing Nerds"), and John Verhoff, individually ("Verhoff"), and alleges as follows:

**NATURE OF THE ACTION**

1.       This action arises from Defendants' repeated use of U.S. Patent No. 11,084,044 (the "'044 Patent") to suppress Import Global's competing SEDIMENT GONE™ water heater flushing tool (the "Accused Product") on Amazon, even though every claim of the '044 Patent requires "a compressed gas cartridge." The Accused Product does not include, require, or instruct the use of a compressed gas cartridge. A copy of the '044 Patent is attached as **Exhibit A**.

2. The '044 Patent has two claims. Claim 1, the only independent claim, expressly requires the compressed gas cartridge. Claim 2 depends from claim 1 and therefore includes the same limitation.

3. That limitation was added during prosecution, after the United States Patent and Trademark Office ("USPTO") rejected broader claims reciting a generic "fluid supply device." The examiner found that the prior art taught pumps and compressed-fluid supplies and treated those sources as interchangeable. To obtain allowance, the applicant replaced the broader term with the narrower "compressed gas cartridge."

4. Import Global sells its accused product as a standalone water heater flushing tool. The product is not sold with a compressed gas cartridge and does not need one. It is designed for use with a hand pump, bicycle pump, or ordinary air compressor, none of which is the claimed cartridge.

5. On July 12, 2025, Import Global's counsel prepared a written noninfringement opinion that identified the 'compressed gas cartridge' as the critical limitation of claim 1, described the prosecution history in which that limitation was added to overcome a prior-art rejection, and concluded that without the claimed cartridge there is no infringement. On November 25, 2025, before Import Global's product launched, counsel emailed that opinion, together with the '044 Patent, the non-final office action, and the narrowing amendment, to Sediment Buster principal Joel Sprecher, stating that the purpose was to avoid litigation and inviting any questions. No one responded. *See* **Exhibit B**.

6. Nevertheless, Sediment Buster submitted a patent complaint to Amazon. On January 12, 2026, Amazon notified Import Global that it had blocked ASIN B0GFPRHYKZ based on Sediment Buster's report asserting the '044 Patent (Complaint ID 19253975201), delaying the

launch and forcing an immediate appeal. Amazon reviewed Import Global's noninfringement submission and reinstated both ASINs, B0GFPRHYKZ and B0G674JLLB. *See* **Exhibit E**. On January 14, 2026, Import Global also emailed its complete appeal package, including counsel's noninfringement opinion, directly to Sediment Buster principal Joel Sprecher at joel@sedimentbuster.com. No one at Sediment Buster ever responded. *See* **Exhibit L**.

7.      Rather than explain how the accused product could meet the missing limitation, Sediment Buster sent a sweeping cease and desist demand on January 27, 2026, asserting both patent and trademark theories and insisting that Import Global stop selling, destroy its inventory, and accept restrictions well beyond the actual claims of the '044 Patent. *See* **Exhibit F**.

8.      On January 30, 2026, Import Global's counsel explained in writing, for the second time, that there could be no infringement because the accused product does not include, use, or require a compressed gas cartridge, and placed Sediment Buster on notice of its own false patent marking and false patent advertising. Again, Sediment Buster did not respond, did not provide a claim chart, did not identify any infringement theory, did not retract its accusations, and never offered a covenant not to sue. *See* **Exhibit G**.

9.      Instead, on July 22, 2026, after three detailed written notices and after Amazon had reviewed Import Global's noninfringement submission, Amazon notified Import Global that Sediment Buster had again asserted claim 1 of the '044 Patent against Import Global's active ASIN B0G674JLLB, this time through Amazon's Patent Evaluation Express ("APEX") program. The patent owner form included with Amazon's notice bears Verhoff's signature dated July 21, 2026; the APEX complaint and Amazon's notice to Import Global issued on July 22, 2026. *See* **Exhibit K**.

10. Amazon's notice gives Import Global three weeks to resolve the accusation with Sediment Buster, participate in APEX, or file a federal declaratory judgment action. If Import Global does none of those things, Amazon will remove the ASIN from its marketplace. If Import Global files a federal declaratory judgment complaint and provides it to Amazon within the three-week period, the listing may remain while the litigation proceeds.

11. Import Global therefore faces a concrete and immediate controversy: submit to a private proceeding on a claim it does not infringe, lose its product listings, or obtain relief from this Court.

12. Defendants have marked and advertised their own Sediment Buster product as patented under the '044 Patent even though the product, as actually manufactured, packaged, depicted, instructed, promoted, and ordinarily used, does not include or use the compressed gas cartridge required by claim 1. Defendants' own consumer-facing materials instead instruct and depict operation using a hand pump, bicycle pump, or conventional air compressor.

13. These misstatements are not isolated. Before the January 2026 false marking notice, Defendants' website described the '044 Patent as broadly claiming "the use of fluid (air or water)" to remove sediment, and Defendants' packaging marked the standalone tool with the patent number while stating that it "works with any air pump." *See* **Exhibit H**.

14. On January 30, 2026, Import Global specifically notified Defendants that marking their product as patented was false because the product does not include, use, or require the compressed gas cartridge required by every claim (the product operates with an air pump or air compressor instead) and that this conduct subjects them to liability under Section 292 of the Patent Act. No Defendant responded.

15. On information and belief, after the January 30, 2026 notice, Defendants revised their Amazon listing. By February 2026, the listing stated "Utility Patent 11084044 when coupled with compressed gas cartridge (sold separately)." That post-notice qualification confirms Defendants received and understood the notice and knew the unqualified marking was false, yet the patent number remained on the standalone product and its packaging. *See* **Exhibit I**.

16. By July 22, 2026, Defendants' Amazon listing had changed again, stating that the tool "adapts to ANY standard air source including CO2 gas cartridge, air compressor or hand/bicycle pump (sold separately)." *See* **Exhibit J**. Defendants' packaging and instruction manual, meanwhile, continued to direct consumers to use "any air pump," to attach "your air pump," and to use an air compressor. At no point do the packaging or instructions direct use of a compressed gas cartridge. Ex. H.

17. Verhoff personally signed the APEX submission as "Inventor, Co-owner Sediment Buster LLC," personally asserted claim 1 against Import Global's ASIN, and represented that Sediment Buster owned or had the right to enforce the patent. On information and belief, Verhoff also authorized, directed, or controlled the patent marking, patent advertising, and renewed Amazon enforcement alleged in this Complaint.

18. Import Global seeks: (a) a declaration that its product does not infringe claims 1 or 2 of the '044 Patent, directly or indirectly, literally or under the doctrine of equivalents; (b) damages for false patent marking under 35 U.S.C. § 292(b); (c) relief for false advertising under § 43(a)(1)(B) of the Lanham Act; and (d) damages and equitable relief for tortious interference and for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), including against Verhoff individually for conduct in which he personally participated.

## THE PARTIES

19.     Import Global is a Florida limited liability company with its principal place of business at 756 NW 27th Avenue, Unit B, Fort Lauderdale, Florida 33311. Import Global develops, imports, markets, and sells consumer products, including its SEDIMENT GONE™ water-heater flushing tool, through Amazon and other channels.

20.     Sediment Buster is a Florida limited liability company with a principal place of business at 1502 Railhead Boulevard, Naples, Florida 34110. Sediment Buster is the current recorded owner of the '044 Patent and has twice asserted that patent against Import Global through Amazon.

21.     Plumbing Nerds is a Florida limited liability company with a principal place of business at 1502 Railhead Boulevard, Naples, Florida 34110, the same address as Sediment Buster. Sediment Buster's July 2026 APEX submission identifies Plumbing Nerds as Sediment Buster's 'licensed manufacturer' doing business as Sediment Buster. *See* **Exhibit K**. Plumbing Nerds' involvement with the '044 Patent predates issuance: USPTO records for the application that became the '044 Patent list the correspondence address as 'John Verhoff/Plumbing Nerds' at 1502 Rail Head Blvd, Naples, Florida, and Plumbing Nerds' address received the September 1, 2020 office action describing the prior-art rejection. *See* **Exhibit C**.

22.     Plumbing Nerds, doing business as Sediment Buster, holds itself out on Defendants' public website as 'the solely licensed manufacturer and producer of the Sediment Buster®, a patented tool,' and that same website describes the '044 Patent as claiming 'the use of fluid (air or water) to break up, stir, and remove sediment from a water heater tank.' Ex. H. As the product's manufacturer and producer, Plumbing Nerds makes, packages, and affixes the patent marking to the standalone article and its packaging, and advertises the product as patented. Counsel's November 25, 2025 noninfringement opinion was transmitted to Joel Sprecher at a

plumbingnerds.com email address, placing Plumbing Nerds on direct notice of the missing claim limitation and the false-marking issue. Ex. B. Plumbing Nerds acts in concert with Sediment Buster in the manufacture, marking, labeling, advertising, and distribution of the product and participates in and benefits from the challenged conduct.

23.     Defendant John Verhoff is, on information and belief, a Florida resident. He is the named inventor and applicant associated with the '044 Patent, identifies himself as a co-owner of Sediment Buster, and personally signed the APEX patent-owner submission that caused Amazon's July 22, 2026 notice to Import Global.

24.     Verhoff is sued in his individual capacity for his own conduct, not for his title or ownership interest. He personally signed and certified the renewed patent assertion, identified the asserted patent and claim, targeted Import Global's specific ASIN, and invoked a process designed to remove that ASIN absent a retraction, a neutral evaluation, or a federal action.

25.     On information and belief, Verhoff was a moving, active, and conscious force behind Defendants' patent marking and patent-based advertising; actively participated in or exercised control over those deceptive practices; and authorized, directed, or ratified the interference with Import Global's Amazon relationship after receiving particularized notice of noninfringement and false marking.

26.     The '044 Patent identified Nerd Concepts, Inc. as assignee at issuance. USPTO assignment records show that Verhoff assigned his interest in the '044 Patent to Sediment Buster in May 2023 and that Nerd Concepts, Inc. assigned its interest to Sediment Buster in May 2025.

**JURISDICTION AND VENUE**

27.     This Court has subject-matter jurisdiction over the patent declaratory-judgment claim under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under the patent laws of the United States, including 35 U.S.C. § 271.

28.     This Court has subject-matter jurisdiction over Import Global's false-marking claim under 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 292(b).

29.     This Court has subject-matter jurisdiction over Import Global's Lanham Act claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121(a) and 1125(a).

30.     The Court has supplemental jurisdiction over the related Florida-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the federal claims.

31.     An actual and justiciable controversy exists. Sediment Buster has accused Import Global's product of infringing claim 1, demanded destruction of inventory and cessation of sales, twice invoked Amazon's patent enforcement processes, and has never withdrawn its accusations or offered a covenant not to sue.

32.     Sediment Buster and Plumbing Nerds are subject to personal jurisdiction in Florida because they are Florida entities. Verhoff is subject to personal jurisdiction because he is, on information and belief, a Florida resident and because he personally directed and participated in the conduct alleged in this Complaint, including the APEX assertion aimed at Import Global in Fort Lauderdale. All Defendants deliberately used Amazon's processes to suppress Import Global's Florida-based business and caused and threatened injury in this District.

33.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Defendants' sale of the falsely marked and falsely advertised product to consumers in this District through Amazon and Home Depot, Defendants' cease-and-desist demand directed to Import Global's Fort Lauderdale principal place of business, and Defendants' Amazon enforcement submissions

targeting listings operated from this District, causing actual and threatened injury to Import Global's business centered in Broward County.

34.     Assignment to the Fort Lauderdale Division is appropriate because Import Global's principal place of business is in Broward County, where the core injury to its business is centered.

**FACTUAL ALLEGATIONS**

**A. IMPORT GLOBAL'S BUSINESS AND AMAZON RELATIONSHIP**

35.     Import Global sells products through Amazon pursuant to an ongoing seller relationship that includes product listings, fulfillment and inventory services, advertising, account-health requirements, and access to Amazon's customer base. Import Global has actively sold the Accused Product through Amazon since January 2026, and the accused listing currently generates substantial monthly gross revenue.

36.     Amazon is a commercially significant channel for Import Global. Removal or suppression of an ASIN halts sales immediately, interrupts advertising, impairs search ranking and product reviews, strands inventory, damages account health, and diverts customers to competitors.

37.     Import Global developed and imported a competing water-heater flushing tool sold under the SEDIMENT GONE name. The product is designed to connect to a water-heater drain outlet and to permit air from a separately supplied pump or compressor to break up sediment and facilitate flushing or draining.

38.      Import Global's accused product is sold without a compressed gas cartridge. Import Global does not bundle a compressed gas cartridge with the product, does not require customers to use one, and does not instruct or encourage customers to use one.

39. The accused product has substantial noninfringing uses with a hand pump, bicycle pump, or conventional air compressor. These are the same air sources Defendants' own instructions

direct for their product, and none of them creates the claimed apparatus requiring "a compressed gas cartridge coupled to the inlet valve."

40. ASIN B0G674JLLB identifies the accused SEDIMENT GONE product at issue in Sediment Buster's July 2026 APEX submission. ASIN B0GFPRHYKZ was also targeted in Sediment Buster's January 2026 Amazon patent complaint.

41. Sediment Buster competes directly with Import Global for consumers seeking water-heater flushing and sediment-removal tools, including customers shopping on Amazon. Defendants also market and sell the Sediment Buster product through major national retailers and distributors, including Home Depot, with the '044 Patent number on the product and its packaging.

42. Defendants knew of Import Global's Amazon relationship, accused ASINs, planned and actual sales, product launch, inventory, and dependence on the Amazon marketplace. Defendants specifically targeted those ASINs through Amazon's enforcement systems.

**B. THE '044 PATENT AND ITS NARROWING PROSECUTION HISTORY**

43. The '044 Patent, titled "Sediment Buster for Water Container Flushing System Including Sediment Separator, and Associated Methods," issued on August 10, 2021 from U.S. Patent Application No. 16/374,393.

44. The '044 Patent contains only claims 1 and 2.

45. Claim 1 recites a combination apparatus and requires, among other elements, a main body defining a conduit, first and second connectors, an inlet valve, a shut-off valve, and "a compressed gas cartridge coupled to the inlet valve for selectively supplying gas into the drain outlet via the conduit and the first connector."

46. Claim 2 depends from claim 1 and adds that the main body is configured to be used as the water heater tank's drain port. Claim 2 therefore necessarily includes every limitation of claim 1, including the compressed gas cartridge.

47. The compressed gas cartridge language did not originate in the claims. It was deliberately added during prosecution, after rejection, to secure allowance.

48. In a September 1, 2020 non-final office action, the examiner rejected the then pending apparatus claims under 35 U.S.C. § 103 over Palmer in view of Nugent and, for the supply source limitations, further in view of Pearson. Ex. C at 7.

49. The examiner found that Palmer and Nugent taught the body, conduit, valves, connectors, and water-heater drain application, and that Pearson taught use of a fluid pump or compressed fluid supply. The examiner stated that such means "are all art equivalents well known throughout the art to be interchangeable." Ex. C at 10.

50. In response, the applicant amended claim 1 by replacing "fluid" with "gas" throughout and replacing the broad "fluid supply device" limitation with the narrower "compressed gas cartridge" limitation. The applicant also narrowed the first connector limitation. **Exhibit D** at 2.

51. The issued claims thus do not broadly claim every tool that uses air, water, a pump, or a compressor to disturb sediment. They claim a specific combination that includes a compressed gas cartridge coupled to the inlet valve.

### C. PROSECUTION HISTORY ESTOPPEL AND DISCLOSURE-DEDICATION BAR ANY DOCTRINE OF EQUIVALENTS THEORY

52. The amendment from "fluid supply device" to "compressed gas cartridge" was a narrowing amendment made in direct response to a patentability rejection. It therefore gives rise to a presumption that the patentee surrendered the entire territory between the original, broader limitation and the amended limitation. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 727, 740–41 (2002).

53. The surrendered territory includes a hand pump, bicycle pump, conventional air compressor, generic compressed-fluid supply, and other non-cartridge air sources, which are the very pump and compressed-fluid alternatives that the examiner identified and that the applicant removed from the claim when it chose the narrower cartridge limitation.

54. None of the recognized *Festo* exceptions applies on this record. Pumps and compressed-fluid supplies were not unforeseeable. The examiner expressly identified them and the patent discloses them. The rationale for the amendment was not tangential to those alternatives; the nature of the supply source was the very point of the rejection and the amendment. And nothing in the record suggests the applicant could not have drafted a claim covering pumps or compressors.

55. Treating those non-cartridge sources as equivalent to the claimed compressed gas cartridge would recapture the very subject matter surrendered to obtain allowance. *See Festo*, 535 U.S. at 727; *Actelion Pharms. Ltd. v. Mylan Pharms. Inc.*, No. 2024-1641, slip op. at 15–17 (Fed. Cir. May 13, 2026) (narrowing amendment made to overcome a rejection estopped the patentee from recapturing the surrendered range as an equivalent).

56. The disclosure-dedication rule independently bars the same theory. The '044 Patent discloses a "fluid pump" and a "compressed fluid supply" as alternatives, yet the claims recite only a "compressed gas cartridge." Subject matter disclosed but not claimed is dedicated to the public and cannot be recaptured through the doctrine of equivalents. *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc); *Actelion*, slip op. at 17–18.

57. Accordingly, prosecution-history estoppel, amendment-based estoppel, and the disclosure-dedication rule each independently foreclose any assertion that those non-cartridge sources satisfy the compressed-gas-cartridge limitation under the doctrine of equivalents.

**D. IMPORT GLOBAL DOES NOT INFRINGE**

58.     Import Global does not make, use, offer to sell, sell, or import the complete apparatus recited in claim 1 because the accused product does not include the required compressed gas cartridge coupled to the inlet valve.

59.     For the same reason, Import Global does not infringe claim 2, which depends from claim 1.

60.     A hand pump, bicycle pump, or conventional air compressor is not literally the claimed compressed gas cartridge.

61.     Import Global does not induce infringement. It does not instruct purchasers to assemble the claimed combination using a compressed gas cartridge, does not supply such a cartridge, and does not specifically intend that customers infringe the '044 Patent.

62.     Import Global does not contributorily infringe. The accused product is a staple article suitable for substantial noninfringing uses, including use with hand pumps, bicycle pumps, and conventional air compressors.

63.     Sediment Buster's July 2026 APEX submission nevertheless identifies claim 1 as the asserted claim and B0G674JLLB as the accused ASIN, without explaining how the absent cartridge limitation is met.

**E. SEDIMENT BUSTER RECEIVED DETAILED NOTICE AND DID NOT RESPOND**

64.     On July 12, 2025, attorney David Fink prepared a written legal opinion addressing the '044 Patent and the competing product. On November 25, 2025, before Import Global's launch, Fink emailed the opinion, the '044 Patent, the non-final office action, and the narrowing amendment to Joel Sprecher, writing that Import Global would soon sell a competing device that 'does not infringe your '044 Patent' and that his goal was 'to avoid litigation.' Neither Sprecher, Sediment Buster, Plumbing Nerds, nor Verhoff responded. Ex. B.

65.     The July 2025 opinion quoted claim 1, highlighted the compressed-gas-cartridge limitation, described the prosecution amendment, and concluded that without the claimed cartridge there is no infringement.

66.     The July 2025 opinion also placed Sediment Buster on notice that its own standalone product appeared to be marked as patented even though it was sold without the cartridge required by the issued claims.

67.     Neither Sediment Buster, Plumbing Nerds, Verhoff, nor their counsel provided any substantive response to the noninfringement opinion transmitted to them on November 25, 2025. The later January 27, 2026 demand did not answer the opinion, provide a claim chart, or identify how Import Global's product contained the required compressed gas cartridge.

68.     On January 12, 2026, Sediment Buster submitted Amazon Complaint ID 19253975201 alleging infringement of the '044 Patent. Amazon blocked ASIN B0GFPRHYKZ, delaying the launch of that listing.

69.     Import Global appealed. Its submission to Amazon included the July 2025 opinion, the '044 Patent, the non-final office action, the narrowing amendment, product information, and instructions. Import Global again explained that the accused product does not contain, require, or instruct use of a compressed gas cartridge. On January 14, 2026, contemporaneously with that appeal, Import Global emailed the complete appeal package including counsel's noninfringement opinion, the '044 Patent, the non-final office action, and the narrowing amendment directly to Sediment Buster principal Joel Sprecher at joel@sedimentbuster.com. Neither Sprecher nor anyone else at Sediment Buster ever responded. Ex. L.

70.      On January 23, 2026, Amazon stated that it had reviewed the attached files and requested reinstatement of the escalated ASIN. On January 28, 2026, Amazon stated that it had

requested reinstatement of both B0GFPRHYKZ and B0G674JLLB. The listings were reinstated, and the Accused Product has sold continuously on Amazon since January 2026.

71.    Amazon's messages are not a judicial determination of patent scope. But they show that Import Global put its noninfringement record in front of Amazon, that Amazon reviewed it, and that the first enforcement effort ended with Amazon reinstatement, and without any further interruption of Import Global's active listings.

72.    On January 27, 2026, Sediment Buster, through counsel, sent Import Global a cease-and-desist demand alleging infringement of the '044 Patent.

73.    The demand accused Import Global of attempting to conceal infringement, threatened litigation, and demanded cessation of sales, destruction of inventory, and broad restrictions extending beyond the actual claims of the '044 Patent.

74.    The demand did not include a claim chart and did not explain how Import Global's product could meet the compressed-gas-cartridge limitation.

75.    On January 30, 2026, Import Global's counsel, Mark Berkowitz of Tarter Krinsky & Drogin LLP, responded in writing. The response again quoted the missing limitation, cited the all-elements rule, described the narrowing amendment, and rejected Sediment Buster's patent demands.

76.    The January 30 response expressly warned Sediment Buster that additional interference would result in litigation and separately placed Defendants on notice of false patent marking.

77.    Neither Sediment Buster, Plumbing Nerds, Verhoff, nor their counsel provided any response to the January 30, 2026 letter. No Defendant supplied a claim chart, identified a directly

infringing combination, explained an indirect-infringement theory, addressed prosecution-history estoppel, retracted the accusations, or provided a covenant not to sue.

78.     Sediment Buster's silence was not abandonment. It was followed by renewed enforcement.

## F. SEDIMENT BUSTER'S RENEWED APEX ASSERTION

79.     On July 22, 2026, Amazon notified Import Global that Sediment Buster had submitted an APEX assertion alleging that ASIN B0G674JLLB infringes claim 1 of the '044 Patent. The included patent-owner submission was signed by Verhoff and dated July 21, 2026.

80.     The APEX form identifies Sediment Buster as patent owner; Plumbing Nerds as a related licensed manufacturer doing business as Sediment Buster; attorney Justin P. Miller as the representative; and Verhoff as inventor and co-owner. Verhoff personally signed the form and selected claim 1 and Import Global's ASIN B0G674JLLB for enforcement.

81.     By personally signing the APEX form, Verhoff represented and warranted that Sediment Buster owned or had the right to enforce the '044 Patent and affirmatively asserted that Import Global's identified product infringed claim 1.

82.     Amazon sent the APEX notice to Import Global on July 22, 2026. It stated that the ASIN and materially identical variants would be removed if Import Global failed to choose one of the specified alternatives within three weeks.

83.     Amazon also stated that, if Import Global filed a federal declaratory-judgment action concerning noninfringement and supplied the complaint within the same period, Import Global could continue selling while the action proceeds.

84.     The July 2026 APEX assertion is Defendants' second Amazon patent-enforcement attempt against Import Global and the first through APEX. It targets an ASIN Amazon had previously reinstated after reviewing Import Global's noninfringement submission.

- 16 -

85.     Sediment Buster initiated the APEX proceeding with full knowledge of the exact missing claim element, the narrowing prosecution history, Import Global's product configuration, the prior reinstatement, and the written warning that renewed interference would prompt suit.

86.     Defendants' conduct has forced Import Global to incur immediate legal expense and threatens removal of an active, revenue-generating listing, loss of sales, loss of ranking, stranded inventory, and damage to Import Global's Amazon relationship. Removal of the listing would also cause irreparable harm, including the loss of accumulated search ranking, customer reviews, listing history, and customer goodwill, which cannot be adequately measured or restored through money damages.

## G. DEFENDANTS' FALSE PATENT MARKING, POST-NOTICE REVISIONS, AND PATENT-BASED ADVERTISING

87.     Defendants sell a standalone Sediment Buster water-heater flushing tool. The package contents shown in Defendants' materials include the tool, gasket, and instructions, not a compressed gas cartridge coupled to the inlet valve.

88.     Defendants' packaging marks the standalone article with "Pat: US 11,084,044 B2". The same packaging expressly states that the product "works with any air pump." It does not package, teach, or depict a compressed gas cartridge coupled to the inlet valve. Ex. H.

89.     Defendants' operative instructions direct users to attach "your air pump" and inject short bursts of air. For a more thorough drain-and-rinse method, the instructions again direct the user to "attach your air pump" and state, "HELPFUL TIP: Use an air compressor." The instructions do not instruct the purchaser to obtain or use a compressed gas cartridge to practice the product's ordinary and promoted use. Ex. H.

90.     Before Import Global's January 30, 2026 false-marking notice, Defendants' website represented that the '044 Patent broadly "claims the use of fluid (air or water) to break up,

stir, and remove sediment from a water heater tank," without disclosing the cartridge limitation. Ex. H.

91. On information and belief, after Import Global's January 30, 2026 notice, Defendants revised the Amazon listing to state "Utility Patent 11084044 when coupled with compressed gas cartridge (sold separately)." The revision did not remove the patent number from the standalone article or packaging. *See* **Exhibit I**.

92. By July 22, 2026, Defendants again revised or replaced that language. The Amazon listing then stated that the tool "adapts to ANY standard air source including CO2 gas cartridge, air compressor or hand/bicycle pump (sold separately)." This language markets pumps and compressors as ordinary alternative air sources even though the patent applicant narrowed the issued claims from a generic supply device to a specific compressed gas cartridge. Ex. J.

93. The July 22 listing therefore does not teach that a compressed gas cartridge is required to use the product.

94. The website statement, the product-level patent marking, the post-notice listing changes, and the continuing pump-based instructions collectively communicate that the standalone tool itself is patented and that Defendants possess patent-backed exclusivity over ordinary pump- or compressor-powered sediment flushing.

95. These statements convey to consumers, retailers, distributors, and competitors that the standalone tool itself is covered by the '044 Patent.

96. Defendants knew the actual claim language. Verhoff is the named inventor, personally signed the claim-1 APEX assertion, and expressly represented enforcement authority; Defendants and their counsel possessed the prosecution history; and all Defendants received or were charged with the three particularized written notices.

97.     At the latest, Defendants received particularized written notice by November 25, 2025 and renewed notice from patent counsel on January 30, 2026. The February and July 2026 listing language demonstrates post-notice attention to the cartridge issue, while the article, packaging, and instructions remained marked and promoted for pump-based use.

98.     Despite that knowledge, Defendants continued marking the product, continued publishing the overbroad website statement, continued advertising the product as patented, and used the asserted patent coverage against a direct competitor.

99.     The specifics of the false marking are pleaded above: the actors are Sediment Buster, Plumbing Nerds, and Verhoff; the false statements appear on the standalone tool, its packaging and instructions, Defendants' Amazon listings, and Defendants' website; the conduct has run from at least July 2025 through the present, in Florida and nationwide through Amazon and online advertising; and the deception consists of displaying the '044 Patent number on an article that does not practice any claim, describing the patent as broadly covering the use of air or water, and revising the advertising after notice without removing the false marking from the product itself.

100.     These circumstances support a strong inference that Defendants acted to deceive the public and deter competition. This was no clerical error: Defendants continued the conduct after detailed written notice while using the same patent to remove a competitor from the marketplace.

101.     Import Global is an actual direct competitor. It developed and imported a competing product, obtained Amazon ASINs, maintained inventory, prevailed in its January 2026 appeal, and is actively selling through Amazon.

102.   Defendants' marking and advertising have caused competitive injury by creating a false appearance of patent-backed exclusivity, strengthening Defendants' ability to suppress Import Global's listings, diverting customers, delaying market entry and sales, damaging Import Global's Amazon relationship, and forcing Import Global to incur corrective, appeal, and legal costs.

103.   The amount of Import Global's damages will be proven at trial and includes damages adequate to compensate for its competitive injury under 35 U.S.C. § 292(b), together with additional remedies available under the Lanham Act and Florida law.

## H. OBJECTIVE BASELESSNESS, SUBJECTIVE BAD FAITH, AND INTERFERENCE

104.   Import Global recognizes that good faith communications about patent rights are protected under federal patent law. Defendants' interference was neither objectively reasonable nor undertaken in good faith, for the reasons alleged below.

105.   The objective defect is simple: claim 1 expressly requires a compressed gas cartridge coupled to the inlet valve; claim 2 incorporates that limitation; and the accused article is sold without it.

106.   The prosecution history confirms that the limitation was deliberately added after rejection of broader supply-source language. Prosecution-history estoppel and amendment-based estoppel bar Defendants from using the doctrine of equivalents to recapture pumps, compressors, or generic compressed-fluid supplies, and the patent's disclosure of those unclaimed alternatives independently invokes the disclosure-dedication rule. No reasonable infringement theory permits the cartridge limitation to be ignored, vitiated, or treated as automatically satisfied by any pump or compressor.

107.   Any indirect-infringement theory is likewise objectively deficient because Import Global does not supply or instruct use of a cartridge, the accused product has substantial

noninfringing uses, and Sediment Buster has identified no directly infringing customer combination or specific intent by Import Global.

108.     Subjective bad faith is supported by Defendants' actual knowledge of the patent, prosecution history, accused product, July 2025 analysis, January 2026 appeal, Amazon reinstatement, January 30 counsel response, and the absence of any responsive claim analysis. It is further supported by Verhoff's personal decision to sign the renewed claim-1 APEX assertion and by Defendants' post-notice revisions to their own Amazon listing.

109.     Subjective bad faith is further supported by the breadth of Sediment Buster's demands, including destruction of inventory and restrictions extending beyond the actual patent claims, and by Defendants' use of the patent to suppress competition while publicly misstating the patent's scope.

110.     The first complaint delayed the launch of Import Global's new listing and forced an immediate appeal. The renewed APEX assertion presently threatens removal of Import Global's active listing, ASIN B0G674JLLB, and materially identical variants.

111.     As a direct and proximate result, Import Global has suffered and continues to suffer damages, including sales delayed by the January 2026 removal of ASIN B0GFPRHYKZ, sales and customers diverted by Defendants' false claims of patent-backed exclusivity, operational costs, legal and appeal expenses, injury to its Amazon account health, and other damages to be proven at trial.

## COUNT I
### DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT
### (Against Sediment Buster LLC and John Verhoff, Individually)

112.     Import Global incorporates paragraphs 1 through 111 as though fully set forth herein, but does not incorporate allegations of any other count.

113.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States.

114.    Sediment Buster has asserted that ASIN B0G674JLLB infringes claim 1 of the '044 Patent. Sediment Buster threatened litigation and demanded cessation of sales and destruction of inventory; submitted a January 2026 Amazon patent complaint against Import Global; and, through the APEX submission personally signed by its co-owner Verhoff, invoked APEX under threat of Amazon removal. By personally signing and certifying the APEX assertion targeting Import Global's ASIN, Verhoff asserted and exercised authority to enforce the '044 Patent against Import Global.

115.    The controversy is immediate and concrete because Amazon has imposed a three-week deadline and expressly identified a federal declaratory-judgment action as one means by which Import Global may preserve its listing while the dispute is adjudicated.

116.    Import Global does not directly infringe claim 1 because the accused product does not include "a compressed gas cartridge coupled to the inlet valve."

117.    Import Global does not directly infringe claim 2 because claim 2 depends from claim 1 and necessarily includes the same absent limitation.

118.    Import Global does not infringe under the doctrine of equivalents. The applicant narrowed "fluid supply device" to "compressed gas cartridge" in response to a patentability rejection, presumptively surrendering the territory between those limitations, including pump, compressor, and generic compressed-fluid sources.

119.    None of the *Festo* exceptions apply. The asserted pump and compressor alternatives were expressly foreseeable and identified in the prosecution record; the reason for the amendment

directly concerned the type of supply source and was not tangential to those alternatives; and the record supplies no other reason why the applicant could not have claimed them.

120. The disclosure-dedication rule independently bars Defendants from recapturing pumps, compressors, and compressed-fluid supplies as equivalents because the specification expressly discloses those alternatives but the issued claims do not claim them.

121. Treating a hand pump, bicycle pump, conventional air compressor, generic compressed-fluid source, or other non-cartridge source as the claimed compressed gas cartridge would also vitiate the expressly added limitation and erase the narrowing amendment.

122. Import Global does not induce infringement because it does not supply or instruct use of the claimed cartridge, lacks specific intent to cause infringement, and Sediment Buster has identified no underlying direct infringement.

123. Import Global does not contributorily infringe because the accused product is suitable for substantial noninfringing uses and is not sold as the complete patented combination.

124. Import Global is entitled to a declaration against Sediment Buster and Verhoff that the manufacture, importation, marketing, offer for sale, sale, and use of its accused product do not infringe claims 1 or 2 of the '044 Patent, directly or indirectly, literally or under the doctrine of equivalents, and that prosecution-history estoppel, amendment-based estoppel, and the disclosure-dedication rule bar any doctrine-of-equivalents theory based on a hand pump, bicycle pump, conventional air compressor, generic compressed-fluid source, or other non-cartridge air source.

125. Import Global is further entitled to appropriate relief preventing Sediment Buster and Verhoff, and those acting in concert with them, from continuing to assert the '044 Patent against the accused product in its present configuration and marketing, including retraction of the pending APEX complaint.

## COUNT II
## FALSE PATENT MARKING - 35 U.S.C. § 292(b)
### (Against All Defendants)

126.   Import Global incorporates paragraphs 1 through 111 as though fully set forth herein, but does not incorporate allegations of any other count.

127.   Section 292 prohibits marking, affixing, or using in advertising in connection with an unpatented article the word "patent," a patent number, or words importing that the article is patented, for the purpose of deceiving the public.

128.   Sediment Buster and Plumbing Nerds marked and advertised the standalone Sediment Buster product with the '044 Patent number and represented that the article is patented. On information and belief, Verhoff personally authorized, approved, directed, controlled, or ratified that marking and advertising.

129.   The article Defendants actually package, offer for sale, and sell does not include the compressed gas cartridge required by every issued claim and therefore is not covered by claims 1 or 2 of the '044 Patent.

130.   Defendants also advertised that the patent broadly claims the use of air or water to remove sediment, a representation inconsistent with the issued claim language.

131.   Defendants acted with the purpose of deceiving the public. The inference of deceptive intent is supported by Verhoff's status as the named inventor and personal APEX signatory; the express claim language; the July 2025 written analysis; the January 2026 detailed response from patent counsel; Defendants' post-notice listing revisions; the continued patent marking on packaging that promotes "any air pump"; and Defendants' simultaneous use of the asserted patent coverage in an effort to exclude Import Global's listings from Amazon.

132. The challenged conduct satisfies Rule 9(b) because the specific actors, articles, statements, patent number, media, period, notice, and deceptive mechanism are alleged in detail.

133. Import Global is a direct competitor that took concrete steps to enter and compete in the market before filing this action, including product development, importation, inventory acquisition, creation of ASINs, pursuit of reinstatement, and current efforts to sell.

134. Import Global suffered competitive injury as a result of Defendants' violation, including delayed market entry, customer diversion, impairment of its Amazon relationship, lost sales and opportunities, loss of advertising and ranking value, and expenses required to counter the false patent position.

135. Under 35 U.S.C. § 292(b), Import Global is entitled to damages adequate to compensate for that competitive injury in an amount to be proven at trial.

136. Defendants' conduct was willful, deliberate, and continuing after particularized notice, supporting the full measure of compensatory and other relief available by law.

137. Verhoff is personally liable under § 292 for his own direct participation in and control over the challenged marking and advertising. Section 292 applies to "[w]hoever" falsely marks or advertises an unpatented article for the purpose of deceiving the public; Verhoff is not named merely because of his corporate role.

**COUNT III**
**FALSE ADVERTISING UNDER § 43(a)(1)(B) OF THE LANHAM ACT**
**(Against All Defendants)**

138. Import Global incorporates paragraphs 1 through 111 as though fully set forth herein, but does not incorporate allegations of any other count.

139. Defendants used false or misleading descriptions and representations of fact in commercial advertising and promotion, including that the standalone product is patented by the

'044 Patent and that the patent broadly claims the use of fluid, air, or water to remove water-heater sediment. On information and belief, Verhoff personally authored, approved, directed, controlled, or ratified those representations.

140.    Those representations concern the nature, characteristics, qualities, innovation, exclusivity, and patent-protected status of Defendants' product.

141.    The statements are literally false or, at minimum, misleading because the product sold does not include the cartridge required by every issued claim and the patent does not broadly claim all uses of air or water to remove sediment.

142.    Defendants disseminated the statements through packaging, product labels, instructions, Amazon listings, and a public website in interstate commerce.

143.    The misrepresentations are material. Patent-backed exclusivity and claimed innovation are likely to influence purchasing, retailer, distributor, and marketplace decisions and convey that competitors lack the right to sell functionally similar public-domain products.

144.    Defendants' conduct actually deceived or had the tendency to deceive a substantial segment of the intended audience, including consumers and commercial platforms.

145.    Defendants caused the statements to enter interstate commerce and used the alleged patent coverage as the basis for Amazon enforcement against Import Global.

146.    Import Global has been and is likely to continue to be injured in sales, goodwill, customer access, ranking, advertising value, and its ability to compete.

147.    The injury was proximately caused by Defendants' false patent-based representations and the competitive advantage and enforcement leverage derived from them.

148.     Import Global is entitled to injunctive relief under 15 U.S.C. § 1116 and to Defendants' profits, Import Global's damages, costs, corrective relief, and other remedies under 15 U.S.C. § 1117.

149.     Defendants' deliberate continuation after detailed written notice makes this an exceptional case warranting reasonable attorney's fees under 15 U.S.C. § 1117(a).

150.     Verhoff was a moving, active, and conscious force behind the challenged patent-based advertising and is individually liable for the Lanham Act violations he personally caused, directed, approved, or controlled. *See Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477-78 (11th Cir. 1991).

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (Against All Defendants)

151.     Import Global incorporates paragraphs 1 through 111 as though fully set forth herein, but does not incorporate allegations of any other count.

152.     Import Global has an identifiable and ongoing business relationship with Amazon that affords Import Global existing and prospective legal and economic rights, including the right to maintain compliant product listings and sell products to Amazon customers under Amazon's seller terms and policies.

153.     Defendants had actual knowledge of that relationship and of the specific ASINs, inventory, planned and actual sales, and marketplace consequences of a patent complaint.

154.     Defendants intentionally interfered by submitting the January 2026 patent complaint and, after reinstatement and detailed notice, the July 22, 2026 APEX assertion. Verhoff personally participated by signing and certifying the APEX assertion that targeted Import Global's specific ASIN.

155. The interference was unjustified and in bad faith. The assertion was objectively baseless because every issued claim requires a component absent from the accused product, the limitation was added to overcome prior art, and no viable direct or indirect infringement theory has been identified.

156. Defendants acted in subjective bad faith because they possessed and received the patent and prosecution record, knew the accused product lacked the limitation, ignored three detailed written analyses, continued to misstate the patent's scope, and used the patent process to suppress a direct competitor.

157. Defendants' interference delayed the launch of Import Global's listing, forced immediate appeal and response costs, presently threatens removal of Import Global's active listing, and has impaired Import Global's Amazon relationship, diverted customers, and caused substantial expense and other damage.

158. Defendants' conduct was intentional, malicious, and undertaken with knowledge that the natural and probable consequence would be disruption of Import Global's Amazon business.

159. Verhoff is individually liable because he personally committed, participated in, directed, or authorized the intentional interference. Florida law does not shield a corporate officer from liability for a tort in which the officer personally participates, regardless of whether the conduct was undertaken for the company.

160. Import Global is entitled to compensatory damages, consequential damages, punitive damages to the extent permitted by Florida law and properly supported following the procedures of Fla. Stat. § 768.72, prejudgment interest, costs, and appropriate equitable relief.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Against All Defendants)

161.    Import Global incorporates paragraphs 1 through 111 as though fully set forth herein, but does not incorporate allegations of any other count.

162.    Defendants engaged in trade or commerce within the meaning of FDUTPA by manufacturing, labeling, advertising, marketing, distributing, and selling the Sediment Buster product and by using marketplace enforcement to affect competing sales.

163.    Defendants committed unfair or deceptive acts and practices, including falsely marking the standalone product as patented; overstating the '044 Patent's scope; representing patent-backed exclusivity not supported by the issued claims; revising listing language after notice while continuing the product-level marking; and using objectively baseless, bad-faith patent complaints to suppress Import Global's competing product.

164.    The challenged practices are likely to mislead consumers and commercial actors acting reasonably under the circumstances and offend established public policy favoring truthful advertising, fair competition, and enforcement limited to actual patent claims.

165.    Defendants' acts were willful and continued after written notice of the missing claim limitation and false-marking issue.

166.    Import Global suffered actual damages as a direct result, including lost and delayed sales, customer diversion, impaired listing and advertising value, marketplace costs, and other measurable losses.

167.    Import Global also faces continuing threatened injury from the pending APEX assertion and Defendants' ongoing marking and advertising.

168.    Import Global is entitled to declaratory and injunctive relief under Fla. Stat. § 501.211(1), actual damages under § 501.211(2), and reasonable attorney's fees and costs under § 501.2105.

169.    To the extent federal patent law requires a showing of bad faith for a state-law claim based on patent enforcement communications, Import Global has specifically alleged both objective baselessness and subjective bad faith. The independent false-marking and false-advertising conduct also supports FDUTPA liability apart from the enforcement communications.

170.    Verhoff is individually liable under FDUTPA because he actively participated in and exercised control over the deceptive practices, including by personally signing the renewed APEX assertion and, on information and belief, directing or approving the challenged patent representations. *See KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073-74 (Fla. 5th DCA 2008).

## PRAYER FOR RELIEF

WHEREFORE, Import Global respectfully requests that the Court enter judgment in its favor and against Defendants, including against Verhoff individually for the claims in which he directly participated, as follows:

**A.**    Declaring that Import Global's accused SEDIMENT GONE product does not infringe claims 1 or 2 of U.S. Patent No. 11,084,044, directly or indirectly, literally or under the doctrine of equivalents;

**B.**    Declaring that prosecution-history estoppel, amendment-based estoppel, and the disclosure-dedication rule bar Defendants from asserting that any hand pump, bicycle pump, conventional air compressor, generic compressed-fluid source, or other non-cartridge air source satisfies the "compressed gas cartridge" limitation under the doctrine of equivalents;

**C.**     Declaring that Import Global has not induced or contributorily infringed the '044 Patent and that its current manufacture, importation, marketing, offer for sale, sale, and use of the accused product are lawful with respect to the '044 Patent;

**D.**     Entering preliminary and permanent injunctive relief, as appropriate, requiring Sediment Buster and Verhoff to retract or cause the retraction of the pending APEX assertion and any still-operative Amazon patent complaint against B0G674JLLB, B0GFPRHYKZ, and materially identical versions of the accused product;

**E.**     Permanently enjoining Defendants, and those acting in concert with them who receive actual notice, from asserting to Amazon or any other retailer, distributor, marketplace, or e-commerce platform that the accused product in its present configuration and marketing infringes the '044 Patent, absent a material product change or further order of this Court;

**F.**     Permanently enjoining Defendants from falsely marking or falsely advertising the standalone Sediment Buster article as covered by the '044 Patent and from representing that the patent broadly claims all use of air or water to remove water-heater sediment;

**G.**     Awarding Import Global damages adequate to compensate for competitive injury under 35 U.S.C. § 292(b), jointly and severally against each Defendant shown to have directly participated in the false marking;

**H.**     Awarding Defendants' profits, Import Global's damages, corrective-advertising relief, costs, and all other remedies available under 15 U.S.C. § 1117, including against Verhoff individually to the extent permitted by law;

**I.**     Awarding compensatory and consequential damages on the tortious-interference claim against all liable Defendants, including Verhoff individually, and permitting Import Global to seek punitive damages in accordance with Florida law upon the required evidentiary showing;

**J.**      Awarding actual damages and equitable relief under Fla. Stat. § 501.211;

**K.**      Declaring this an exceptional case and awarding reasonable attorney's fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), together with fees under Fla. Stat. § 501.2105 and any other applicable authority;

**L.**      Awarding taxable costs, prejudgment interest, and post-judgment interest;

**M.**      Ordering such corrective notices to Amazon, retailers, distributors, and consumers as the Court finds necessary to remedy Defendants' false patent representations and interference; and

**N.**      Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Import Global demands a trial by jury on all claims and issues so triable.

Dated: July 23, 2026

<blockquote>

Respectfully submitted,

CARLSON IP LAW
/s/ Cole Carlson
Cole Carlson
Florida Bar No. 112863
Carlson IP Law, LLC
412 E Madison St, Suite 821
Tampa, FL 33602
Telephone: 813-445-5175
Email: cole@carlsoniplaw.com

LEAD TRIAL COUNSEL

Patrick Reid
Florida Bar No. 112708
Carlson IP Law, LLC
412 E Madison St, Suite 821
Tampa, FL 33602
Telephone: 813-445-5175
Email: patrick.reid@carlsoniplaw.com

*Counsel for Plaintiff Import Global, LLC*

</blockquote>