# EXHIBIT B

 **Gmail**

**Abe Habosha <abe@globalsourcingus.com>**

## SEDIMENT BUSTER

**david fink** <texascowboy6@gmail.com>                                    Tue, Nov 25, 2025 at 1:18 PM
To: "joels@plumbingnerds.com" <joels@plumbingnerds.com>
Bcc: abe@globalsourcingus.com

Hi Mr. Sprecher,

I represent Import Global, LLC and I am writing to you to avoid a potential misunderstanding.

Import Global will soon be making and selling a competing device to deal with sediment.  In fact, the device is very similar to your device, but does not infringe your '044 Patent. The attached document explains my legal opinion.

My goal is to avoid litigation which can be expensive and inappropriate here.

Please let me know if you have any questions.

Regards,

David Fink
7519 Apache Plume
Houston, TX 77071
713-591-4448
texascowboy6@gmail.com

---

**6 attachments**

 **EX. A.pdf**
81K

 **EX. C.pdf**
349K

 **FIRST NON-FINAL REJECTION.pdf**
343K

**EX. D.pdf**
83K

 **EX. B.pdf**
582K

 **LEGAL OPINION AS TO  '044 PATENT.pdf**
346K

**DAVID FINK**
**ATTORNEY AND COUNSELOR AT LAW**
**7519 APACHE PLUME**
**HOUSTON, TX 77071**
**Telephone (713) 591-4448**
**texascowboy6@gmail.com**

**DAVID FINK (CT only)**

July 12, 2025

Re:     Verhofff Patent No. 11,084,044
        Sold on Amazon as SEDIMENT BUSTER

**LEGAL OPINION SHOWING THE SEDIMENT BUSTER DOES NOT INFRINGE THE '044 PATENT**

**A. Background**

The Sediment Buster sold on Amazon is shown in Ex. A.  It is pointed out that the label shown in Ex. A states that the Sediment Buster is a "patented tool".  The only patent relevant to this assertion is U.S. Patent No. 11,084,044 ("the '044 Patent") shown in Ex. B. This statement on the label is legally incorrect.  Thus, a replicate of the Sediment Buster also does not the '044 Patent.

The Sediment Buster is designed to remove sediment that accumulates in a water heater such as in a home.  Over time, sediment settles to the bottom of the water heater and the sediment tends to stick together.  The simple step of draining the water heater may not result in the removal of the accumulated sediment stuck together at the bottom of the water heater.

The Sediment Buster allows for a blast of air into the sediment at the bottom of the water heater to break the sediment up to create a solution of water and sediment so that the removal of water from the water heater will include a cloud of water and sediment.  The sediment can be filter out and the clean water can be returned to the water heater, or fresh clean water can be used for the water heater.

**B. The Patent Claims**

See the '044 Patent for more detailed figures: Fig. 4 shows the claimed invention; Fig. 3 shows a water filter to remove sediment; and Fig. 2 shows an arrangement for removing sediment and returning the filtered water to the water heater.

Note that the '044 Patent has only two claims, and only claim 1 is an independent claim:

1

Claim 1: A sediment buster tool for water heater draining, the water heater including a tank that holds heated water under pressure, the sediment buster tool comprising:

a main body defining a conduit and configured to be coupled to a drain outlet of the tank of the water heater and configured to transport a gas into the drain outlet to break up hard sediment accumulated at the drain outlet inside the tank;

a first connector, comprising an internally threaded and rotatable female connector, at an end of the main body and configured to be coupled to an externally threaded drain port at the drain outlet of the tank;

a second connector at an opposite end of the main body;

an inlet valve positioned on the main body and configured to receive the gas to be sent into the drain outlet via the conduit and the first connector;

a shut-off valve positioned on the main body between the inlet valve and the second connector to selectively regulate the direction of flow of the gas from the inlet valve, within the conduit, into the drain outlet, and then into the tank while breaking up the hard sediment accumulated at the drain outlet inside the tank; and

a **compressed gas cartridge** coupled to the inlet valve for selectively supplying gas into the drain outlet via the conduit and the first connector. (Emphasis added)

Claim 2 (dependent on claim 1):

The sediment buster according to claim 1, wherein the main body is configured to be used as the drain port for the tank of the water heater.

### C. Note Critical Limitation

The last claimed component in Claim 1 is a "compressed gas cartridge …."  Claim 2 keeps that limitation.

### D. The History of the Limitation of "compressed gas cartridge"

The first non-final Office Action, Ex. C, shows that Claim 1 was rejected based on cited prior art.  To avoid the rejection, Claim 1 was amended as shown in Ex. D to change the source of a gas to break up the sediment using a "compressed gas cartridge".

**E. The Applicable Law**

For the allowance of the '044 Patent, the inventor intentionally reduced the scope of Claim 1 (and Claim 2).  The applicable law is as follows:

> Ordinarily, the doctrine of equivalence allows a patentee to claim not only subject matter literally delineated by the claims, but also insubstantial alterations to the claims as written.  See *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 535 U.S. 722, 733 (2002)("Festo VIII"). Importantly, "the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Warner-Jenkinson*, 520 U.S. at 29. "The doctrine of equivalence is premised on languages inability to capture the essence of innovation."  *Festo VIII,*  535 U.S. at 734.  But that premise is unsound if a patent's prosecution history shows that the patentee **"turned his attention to the subject matter in question, knew that words for both the broader and narrow claim, and affirmatively chose the latter."** At 734-735. (Emphasis added) *Howlink Global, LLC. V. AT&T, Inc. et al.* 2:22-CV-JRG-RSP, U.S. Court, E.D. Texas, May 30, 2023.

Therefore, the '044 Patent requires the use of  "compressed gas cartridge" for infringement in addition to the other components.  Thus, no "compressed gas cartridge", no infringement.

The Sediment Buster is not sold with a "compressed gas cartridge".  In fact, the instructions do not require the use of a "compressed gas cartridge".  Hence, contrary to the statement the Sediment Buster as sold is not patented.  Nor is the user urged to use a "compressed gas cartridge".

**F. Conclusion**

If we sell a replica of the Sediment Buster without including a "compressed gas cartridge" and instruct the customers not to use "a compressed gas cartridge", then we will not be infringing the '044 Patent and the customer will be infringing the '044 Patent so we will not have any liability for inducing patent infringement.

Very truly,

*David Fink*
David Fink

3