**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:26-CV-62027-KUNTZ**

IMPORT GLOBAL LLC,

Plaintiff,

v.

SEDIMENT BUSTER, LCC,
PLUMBING NERDS MFG, LLC
and JOHN VERHOFF,

Defendant.
_________________________________/

**DEFENDANTS SEDIMENT BUSTER, LLC, PLUMBING NERDS MFG, LLC, AND JOHN VERHOFF'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Sediment Buster, LLC ("Sediment Buster"), Plumbing Nerds MFG ("Plumbing Nerds"), ("Corporate Defendants,") and John Verhoff ("Verhoff") (all three collectively "Defendants") move for dismissal of Plaintiff Import Global LLC's ("Plaintiff" or "Import Global") Complaint (the "Complaint") under Rule 12(b)(6). In support, Defendants provide the following:

**I. Introduction**

Verhoff is the inventor of U.S. Patent No. 11,084,0444 (the "'044 Patent") entitled "Sediment Buster for Water Container Flushing System Including Sediment Separator, and Associated Methods". D.E. 1-2, p. 2. Verhoff's invention saves users money on their energy bills, extends the life of water heater tanks, speeds up the heating of water, increases water pressure, and improves the clarity of hot water coming out of the water heater tank. D.E. 1-10, p. 2. Verhoff's invention puts these benefits safely within reach of consumers because it is easy and safe to use. *Id.* The '044 Patent has since been assigned to Sediment Buster, with the sole licensee for

manufacture and production being Plumbing Nerds. D.E. 1, ¶¶20, 22. Import Global is not a licensee of the '044 Patent and has instead sought a declaratory judgment action as well as personal liability of the '044 Patent's inventor, Verhoff.

But Import Global's effort to seek more than a declaration of patent non-infringement ignore binding case law precluding the claims, rest upon insufficient sparse to non-existent allegations, and lump three separate defendants together as if one. None of the foregoing are proper.

## II. ARGUMENT IN SUPPORT OF DISMISSAL

### A. Count II (False Patent Marking) Must Be Dismissed

Count II of Import Global's Complaint asserts false patent marking under 35 U.S.C. §292(b) against Defendants. D.E. 1, p. 24. False marking is defined by 35 U.S.C. §292(a) which provides in pertinent part "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public[.]" The Federal Circuit has held that a false marking claim therefore has two elements which must be pled under the standards of Federal Rule of Civil Procedure 9(b): "(1) marking an unpatented article and (2) intent to deceive the public" and "false marking claims must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which provides that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011).

#### 1. <u>Import Global Cannot Allege First Element Against Any Defendant</u>

Import Global's false patent marking challenge is based on the premise that "[t]he article Defendants actually package, offer for sale, and sell does not include the compressed gas cartridge

required. . . and therefore is not covered by" the '044 Patent ***as sold***. D.E. 1, ¶129. [1] The Complaint does not—and cannot—challenge that (1) 'the article Defendants actually package' is made for use with a compressed gas cartridge; (2) instructions are provided for use with a compressed gas cartridge; and, (3) purchasers are expected to use the product with a compressed gas cartridge. D.E. 1-10, p. 2 ("to use with compressed gas cartridge (sold separately)"); D.E. 1-11, p. 2 ("adapts to ANY standard air source including CO2 gas cartridge, air compressor, or hand / bicycle pump (sold separately)").[2] In short, the Complaint alleges 'the article Defendants actually package' is purchased by customers who assemble and use the product consistent with the '044 Patent, as expected and instructed by Defendants.[3] Since the Complaint alleges Defendants are selling a component of the '044 Patent which is marked with the '044 Patent, the Complaint fails to allege the first element (marking an unpatented article) and thus fails to state a claim for which relief can be granted.

---

[1] For purposes of this motion, Defendants assume *arguendo* the Complaint's allegations as to the '044 Patent, given this motion is made under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] While the Complaint references an Exhibit H, which would be Docket Entry 1-9, Defendants cannot access D.E. 1-9 via Pacer, nor do Defendants have a copy of D.E. 1-9. Given the absence of this exhibit, Defendants request the Court not consider the exhibit itself.

[3] Defendants further challenge the Complaint, including Count II, as a shotgun pleading. Defendants use 'Defendants' here because the Complaint does, not because the collective use is appropriate, as further addressed below.

Patent owners are required by statute to mark patented products to provide public notice and allow for damages recovery. 35 U.S.C. 287(a) ("Patentees, and persons making. . . any patented article for or under them. . . may give notice to the public that the same is patented[.] In the event of failure so to mark, no damages shall be recovered[.]"; *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 161-62 (1989). The requirement for patent owners to mark their products applies even when the patent owner is selling a component which is to be assembled into the patented invention by purchasers. *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184-85 (Fed. Cir. 1994) ("Amsted's customers, to whom Amsted sold one element of the patented combination with the expectation that they would use that element to make. . . the patented invention, were implied licensees who were 'making or selling [the] patented article for or under [Amsted]' within the meaning of section 287.").

The Federal Circuit's binding *Amsted* decision is instructive. 28 U.S.C. §1295(a)(1). Like here, the *Amsted* patentee sold a component to customers who were instructed to assemble and use the patented invention. 24 F.3d at 184-85; D.E. 1-10, p. 2; D.E. 1-11, p. 2. The *Amsted* patentee argued that it could not mark the component because marking a component of the patented invention would violate 35 U.S.C. § 292. 24 F.3d at 185. The Federal Circuit disagreed: "Amsted argues that had it marked its center plate [the component sold by Amsted to customers for assembly into the patented invention] it would have violated 35 U.S.C. § 292 which prohibits the marking of an unpatented article. **This is not persuasive**." *Id* (emphasis added).

The Complaint alleges a violation of 35 U.S.C. § 292 which the Federal Circuit dispensed with thirty-two years ago: marking a component made and sold with instructions to use under the patent so marked is not a violation of 35 U.S.C. § 292. *Id.*; *Douglas Press v. Arrow Int'l*, 1997 U.S. Dist. LEXIS 9229, at *16-17 (N.D. Ill. June 26, 1997) ("[T]he [*Amsted*] court pointed out that

the plaintiff could have satisfied the statute by marking either its own center plate, or by requiring the rail car builders to place the patent number on the finished product."); D.E. 1, ¶129; D.E. 1-10, p. 2; D.E. 1-11, p. 2; *see also Mass. Inst. of Tech. v. Abacus Software, Inc.*, 2004 U.S. Dist. LEXIS 30052, at *66 (E.D. Tex. Aug. 4, 2004) ("Thus, in the balance struck by §§ 287(a) and 292, there is a clear weight on the side of marking, even if that results in a notice that includes patents that may not actually cover the vended article. Indeed, cases suggest that so long as a patentee exercises good faith in deciding to mark particular articles, such a patentee is not liable for false marking under § 292, even if it later turns out that such articles are not covered by one or more claims of the listed patent."). Dismissal under Rule 12(b)(6) is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Ligget Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348 (Fed. Cir. 2018) ("[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)). The Complaint's false patent marking allegations fail to state a cause of action under *Amsted* and therefore must be dismissed as to all Defendants.

2. Import Global Cannot Allege First Element Against Verhoff

Assuming the Complaint's allegations properly maintain a viable cause of action for false patent marking under 35 U.S.C. § 292 (which they do not), the Complaint further fails to comply with the requirements of Rule 9(b) as to Verhoff. The Complaint must "state with particularity the circumstances constituting fraud or mistake", *Juniper Networks*, 643 F.3d at 1350, and, for a false patent marking claim, this would require at least stating (1) who is performing the marking, (2) what marking and/or what advertising is being performed, (3) where the marking and/or advertising is being performed, and (4) when the marking and/or advertising was performed. The

Complaint provides none of the foregoing as to Verhoff, instead simply alleging that "On information and belief, Verhoff personally authorized, approved, directed, controlled, or ratified that marking and advertising." D.E. 1, ¶128. The Complaint is therefore lacking any specificity in allegations concerning Verhoff's involvement, which does not comply with Rule 9(b)'s pleading requirements. *Britton ex rel. U.S. v. Lincare Inc.*, 634 Fed. Appx. 238, 241 (11th Cir. 2015) (finding information and belief "speculation" to be "insufficient to satisfy the pleading standard set by Rule 9(b)"); *see also Iot Innovations, LLC v. Somfy Sys., Inc.*, 2024 U.S. Dist. LEXIS 107121, at *5 (S.D. Fla. June 14, 2024) ("Factually unsupported allegations based 'on information and belief' are not entitled to the assumption of truth."); *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013).

Nor does this particular 'on information and belief' allegation even cover activity sufficient to establishing false marking under 35 U.S.C. §292 which provides that false marking liability applies to "[w]hoever marks upon, or affixes to, or uses in advertising". The first element of this claim is the ***marking*** of an unpatented article and the Complaint does not allege that Verhoff, individually, marked an unpatented article; thus the Complaint fails to state a claim as to Verhoff, and Count II must be dismissed as to Verhoff.

**B. Count I (Declaratory Judgment of Noninfringement) Must be Dismissed as to Verhoff**

The Complaint alleges Sediment Buster is "the current record owner of the '044 Patent." D.E. 1, ¶20. Only a "patentee shall have remedy by civil action for infringement of his patent", which includes "any successors in title[.]" 35 U.S.C. §§100(d), 281. A patent infringement plaintiff must have standing as defined by §281 of the Patent Act to bring a patent infringement claim. *Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015); *see Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). "[F]or a court to have subject-matter

jurisdiction in a declaratory action for patent [ ] noninfringement, the defendant(s) must own all rights or all substantial rights to the patents-in-suit." *GoDaddy.com, LLC v. RPost Commun. Ltd.*, 2014 U.S. Dist. LEXIS 170011, at *8 (D. Ariz. Dec. 9, 2014). Based upon the Complaint's allegations, Count I must be dismissed as to Verhoff.

To the extent the Complaint asserts the Verhoff, personally, asserted the '044 Patent against Sediment Buster via the Amazon Patent Evaluation Express ("APEX") submission, this is plainly incorrect. D.E. 1, ¶114. The APEX agreement states it "is between the Patent Owner (or Patent Owner's authorized representative listed in Exhibit 1 and the Seller[.]" D.E. 1-12, p. 4. The APEX agreement further states that "[b]y respectively executing Exhibits 1 and 2, Patent Owner and Seller agree as follows" meaning a Patent Owner is the entity executing Exhibit 1 and submitting the APEX items at issue here. The APEX submission Exhibit 1 is titled "Patent Owner-Supplied Information", identifies the Patent Owner as Sediment Buster and the authorized representative as Justin P Miller—not Verhoff. D.E. 1-12, p. 5. Verhoff signed the APEX submission as "Co-owner of Sediment Buster LLC" not as an individual. *Id.* The Complaint misstates the APEX submission as a basis to sue Verhoff individually. The plain text of the alleged documents do not support the Complaint's allegations, and therefore Count I must be dismissed as to Verhoff.

**C. Count III (False Advertising) Must be Dismissed as to Verhoff**

The Complaint asserts a False Advertising Claim under the Lanham Act (15 U.S.C. §1125(a)(1)(B)) against Verhoff, individually, with the only individual allegation that "[o]n information and belief, Verhoff personally authored, approved, directed, controlled, or ratified those representations." D.E. 1, ¶139. The Complaint rests its allegations against Verhoff entirely upon information and belief, which is not sufficient to state a claim for relief. *See United States ex*

*rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Count III must be dismissed as to Verhoff.

**D. Count IV (Tortious Interference with a Business Relationship) Must be Dismissed as to Plumbing Nerds**

A tortious interference with a business relationship plaintiff must "demonstrate (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Coach Servs. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348-49 (11th Cir. 1987)). The Complaint has not established the second element with respect to Plumbing Nerds.

The Complaint's alleged intentional interference is the "submitting [of] the January 2026 patent complaint and, after reinstatement and detailed notice, the July 22, 2026 APEX assertion." D.E. 1, ¶154. The Complaint puts these actions entirely upon Sediment Buster and Verhoff, not Plumbing Nerds. D.E 1, ¶¶ 63 ("Sediment Buster's July 2026 APEX submission[.]"), 68 ("On January 12, 2026, Sediment Buster submitted Amazon Complaint[.]"). While this is further evidence the Complaint is a shotgun pleading, as set forth below, the Complaint thus fails to state a claim against Plumbing Nerds for tortious interference with a business relationship because the Complaint does not allege Plumbing Nerds did *anything* to impact the allegedly interfered-with business relationship. Count IV must be dismissed as to Plumbing Nerds.

**E. Counts II-V of the Complaint is a Shotgun Pleading Requiring Amendment**

The Eleventh Circuit has identified four kinds of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts", (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action", (3) a complaint that does not "separate[e] into a different count each cause of action or claim for relief", and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Complaint is the fourth kind of shotgun pleading, as shown in Counts II-V.

For Count II, the Complaint alleges that Plumbing Nerds is "the solely licensed manufacturer and producer" who "makes, packages, and affixes the patent marking to the standalone article and its packaging[.]" D.E. 1, ¶22. The Complaint therefore identifies Plumbing Nerds as the party engaging in the alleged false patent marking, but the Complaint lumps all three Defendants together in Count II: "The article Defendants actually package, offer for sale, and sell[.]" D.E. 1, ¶129. Further, while Count II alleges that Verhoff, as an individual, is packaging, offering for sale, and selling products, there are no supporting factual allegations; instead, the Complaint puts Verhoff as "a co-owner of Sediment Buster", rather than as a personal actor. This is impermissible lumping together of defendants, making Count II a shotgun pleading under *Weiland*. For Count III, the shotgun pleading deficiencies mirror those for Count II.

For Count IV, the Complaint alleges that "Defendants intentionally interfered by submitting the January 2026 patent complaint and, after reinstatement and detailed notice, the July 22, 2026 APEX assertion." D.E. 1, ¶154. The Complaint attributes these actions to Sediment Buster and Verhoff, not Plumbing Nerds. D.E 1, ¶¶ 63 ("Sediment Buster's July 2026 APEX submission[.]"), 68 ("On January 12, 2026, Sediment Buster submitted Amazon Complaint[.]"). However, Count IV lumps all three Defendants together, which is a shotgun pleading under *Weiland*. Count V is a shotgun pleading for the same reasons Counts II-IV are shotgun pleadings; the Complaint lumps

all the Defendants together even when the Complaint's allegations should preclude alleging certain actions against certain defendants. *Compare* D.E. 1, ¶¶63, 68 (attributing patent complaints exclusively to Sediment Buster) *with* D.E. 1, ¶ 163 ("Defendants committed unfair or deceptive acts and practices, including. . . bad-faith patent complaints to suppress Import Global's competing product."). Counts II-V warrant amendment under *Weiland*.

## III. CONCLUSION

Defendants respectfully request the Court dismiss Count II as to all Defendants, or in the alternative against Verhoff. Under binding Federal Circuit precedent, the complained of actions cannot constitute false patent marking under 35 U.S.C. § 292, and the Complaint further fails to adequately allege against Verhoff. Verhoff further respectfully requests the Court dismiss Counts I & III against Verhoff because the Complaint fails to state a claim for both counts, instead relying on misreading exhibits to the Complaint and mere information and belief, respectively. Plumbing Nerds respectfully requests the Court dismiss Count IV against itself as the Complaint alleges the complained of activities were not conducted or performed by Plumbing Nerds. Lastly, Defendants respectfully request the Court enter an order requiring amendment of Counts II-V of the Complaint to correct the shotgun pleading that lumps all Defendants together.

*[signature on following page]*

Date: October 19, 2026

Respectfully submitted,

**ALLEN, DYER, DOPPELT & GILCHRIST, P.A.**

**Robert H. Thornburg**
Robert H. Thornburg
Florida Bar No. 630829
E-mail: rthornburg@allendyer.com
James R. Leahy
Florida Bar No. 1044500
E-mail: jleahy@allendyer.com
121 Alhambra Plaza
Suite 1250
Coral Gables, FL 33134
Telephone: 305-374-8303
Facsimile: 305-374-8306

***Counsel for Defendants Sediment Buster, LLC, Plumbing Nerds MFG, and John Verhoff***