**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
CASE NO. 26-cv-62027-KUNTZ/Strauss

IMPORT GLOBAL, LLC,

Plaintiff,

v.

SEDIMENT BUSTER, LLC, PLUMBING NERDS MFG, LLC, and JOHN VERHOFF, individually,

Defendants.
_______________________________________/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Import Global, LLC ("Import Global"), by and through undersigned counsel, brings this First Amended Complaint against Defendants Sediment Buster, LLC ("Sediment Buster"), Plumbing Nerds MFG, LLC ("Plumbing Nerds"), and John Verhoff, individually ("Verhoff"), and alleges as follows. This First Amended Complaint is filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) and supersedes the Complaint filed July 23, 2026 (ECF No. 1).

**NATURE OF THE ACTION**

1. This action arises from Defendants' repeated use of U.S. Patent No. 11,084,044 (the "'044 Patent") to suppress Import Global's competing SEDIMENT GONE™ water heater flushing tool (the "Accused Product") on Amazon, even though every claim of the '044 Patent requires "a compressed gas cartridge." The Accused Product does not include, require, or instruct the use of a compressed gas cartridge. A copy of the '044 Patent is attached as *Exhibit A*.

2. The ’044 Patent has two claims. Claim 1, the only independent claim, expressly requires the compressed gas cartridge. Claim 2 depends from claim 1 and therefore includes the same limitation. Both claims are apparatus claims directed to a sediment buster tool. The ’044 Patent has no method claim and does not claim a process of injecting air or any other fluid into a water heater.

3. The cartridge limitation was added during prosecution, after the United States Patent and Trademark Office (“USPTO”) rejected broader claims reciting a generic “fluid supply device.” The examiner found that the prior art taught pumps and compressed-fluid supplies and treated those sources as interchangeable. In response to that rejection, the applicant replaced the broader term with the narrower “compressed gas cartridge,” and from that amendment through allowance relied on the cartridge to distinguish the prior art.

4. Import Global sells its Accused Product as a standalone water heater flushing tool. The product is not sold with a compressed gas cartridge and does not need one. Its instructions call for “Any Standard Air Pump” and direct the user to “attach your air pump.” An air pump, such as a hand pump or bicycle pump, is not the claimed cartridge.

5. In July 2025, Import Global’s counsel prepared a written noninfringement opinion identifying the compressed gas cartridge as the critical limitation of claim 1. On November 25, 2025, before Import Global’s product launched, counsel sent it to Sediment Buster principal Joel Sprecher to avoid litigation. No one responded to the opinion or addressed its analysis. *See Exhibit C*.

6. Sediment Buster instead reported Import Global’s listing to Amazon. Amazon removed the listing and, on January 12, 2026, identified Sediment Buster’s patent complaint as the basis. After reviewing Import Global’s noninfringement submission, Amazon reinstated Import

Global's ASINs. Sediment Buster then sent a cease-and-desist demand insisting that Import Global stop selling and destroy its inventory. Import Global's counsel answered on January 30, 2026, explaining again that the Accused Product has no compressed gas cartridge and placing Sediment Buster on notice of its false patent marking. Sediment Buster never responded to that letter. *See Exhibits G, H, I.*

7. On July 22, 2026, Amazon notified Import Global that Sediment Buster had asserted claim 1 of the '044 Patent against Import Global's active ASIN B0G674JLLB through Amazon's Patent Evaluation Express ("APEX") program, on a patent-owner form Verhoff signed. Amazon would remove the listing unless, within three weeks, Import Global resolved the claim, entered APEX evaluation, or filed a federal declaratory judgment action. Import Global filed this action on July 23, 2026. Sediment Buster has not withdrawn the accusation or offered a covenant not to sue, and the listing remains only while this action proceeds. *See Exhibit J.*

8. Defendants mark and advertise their own Sediment Buster product as patented under the '044 Patent, although the product is packaged and sold without the compressed gas cartridge that claim 1 requires and is not instructed or promoted as requiring one. Their own package says "Works with any air pump" and shows a bicycle pump labeled "Use any air pump" connected to the tool, and their instructions direct use of a bicycle or hand pump, an air pump, or an air compressor. Import Global's January 30, 2026 letter told Sediment Buster's counsel that representing the product as patented was false for that reason and exposed Sediment Buster to liability under 35 U.S.C. § 292. After Import Global's written notices, Defendants revised their Amazon listing and website to say the product is patented "when coupled with" or "for use with" a compressed gas cartridge, and revised their online manual to recommend a cartridge, but left the

unqualified patent marking on the retail package and on the product itself unchanged. They knew how to qualify a patent statement and chose not to qualify or remove the marking on the article.

9. Import Global seeks: (a) a declaration that its product does not infringe claims 1 or 2 of the ’044 Patent, directly or indirectly, literally or under the doctrine of equivalents; (b) damages for false patent marking under 35 U.S.C. § 292(b); (c) relief for false advertising under § 43(a)(1)(B) of the Lanham Act; and (d) damages and equitable relief for tortious interference and for violation of the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”), including against Verhoff individually for conduct in which he personally participated.

**THE PARTIES**

10. Import Global is a Florida limited liability company with its principal place of business at 756 NW 27th Avenue, Unit B, Fort Lauderdale, Florida 33311. Import Global develops, imports, markets, and sells consumer products, including its SEDIMENT GONE™ water heater flushing tool, through Amazon and other channels.

11. Sediment Buster is a Florida limited liability company with a principal place of business at 1502 Rail Head Boulevard, Naples, Florida 34110. Sediment Buster is the current recorded owner of the ’044 Patent and has twice asserted that patent against Import Global through Amazon. Records of the Florida Division of Corporations list Verhoff and Joel Sprecher as the managers of Sediment Buster. Sediment Buster holds the copyright notice on the instruction manual Defendants publish for the Sediment Buster product (“© Sediment Buster LLC All Rights Reserved”), *Exhibit D* (instruction manual), and in a verified complaint filed in federal court on July 2, 2025, Sediment Buster swore that “[w]hen a customer purchases a Sediment Buster product, they receive instructions on the proper use of the product” contained in its copyrighted manual. *Sediment Buster, LLC v. Wang*, No. 1:25-cv-02052-STV (D. Colo.), ECF No. 1 ¶ 15.

12. Plumbing Nerds is a Florida limited liability company with a principal place of business at 1502 Rail Head Boulevard, Naples, Florida 34110, the same address as Sediment Buster. Records of the Florida Division of Corporations list Verhoff and Joel Sprecher as the managers of Plumbing Nerds. Plumbing Nerds is the entity that makes, packages, marks, and sells the Sediment Buster product, as shown by the following.

13. The retail package identifies "Plumbing Nerds MFG LLC, DBA Sediment Buster®, Naples FL" as the responsible company, directly beneath the marking "Pat: US 11,084,044 B2," and the package disclaimer provides that the user "holds Plumbing Nerds MFG. LLC harmless for any outcomes resulting from improper or unauthorized use." *Exhibit D*.

14. Defendants' website stated, before Import Global's January 30, 2026 notice, that "Plumbing Nerds MFG. LLC (DBA Sediment Buster®) is the solely licensed manufacturer and producer of the Sediment Buster®, a patented tool," and in 2024 that "Plumbing Nerds MFG, DBA Sediment Buster, is exclusively licensed to manufacture and sell the Sediment Buster." *Composite Exhibit E* (December 5, 2025 and March 26, 2024 captures).

15. The Amazon seller profile for the "Sediment Buster" storefront, through which the Sediment Buster product is sold on Amazon, identifies the seller as "Business Name: Plumbing Nerds Mfg LLC," with a business address of 1502 Rail Head Blvd, Naples, 34110. The profile's "About Seller" text, as of October 26, 2026, states that Plumbing Nerds "is the licensed manufacturer and producer of the Sediment Buster®" and that Verhoff "registered utility patents revolving around flushing and separating sediment as well as the tool." *Exhibit T* at 2-3.

16. The UL Solutions verification that Defendants cite in the product's Amazon listing, Verify ID V699054, identifies the company as "Plumbing Nerds MFG. LLC, DBA Sediment Buster" and the product as "Water Heater Cleaning Tool," part number SEDBUS-V1, and verifies

the claim "Withstands up to 80 psi at 100°F water temperature." *Exhibit R* (UL Solutions, Verify ID V699054, verify.ul.com/verifications/1533).

17. Sediment Buster's July 2026 APEX submission identifies "Plumbing Nerds MFG LLC (licensed manufacturer, dba Sediment Buster)." *Exhibit J* at 5.

18. Verhoff used the name "Plumbing Nerds" during prosecution of the '044 Patent: the correspondence address of record for the application, in a change-of-address form Verhoff signed as applicant on August 26, 2020, was "John Verhoff/Plumbing Nerds" at 1502 Rail Head Blvd, Naples, Florida, the address that Plumbing Nerds and Sediment Buster share today, and the USPTO mailed the September 1, 2020 office action describing the prior-art rejection to that name and address. *See Exhibit B* at 6, 10.

19. Counsel's November 25, 2025 noninfringement opinion was transmitted to Joel Sprecher at a plumbingnerds.com email address, placing Plumbing Nerds on direct notice of the missing claim limitation and the false-marking issue. *Exhibit C*.

20. Plumbing Nerds acts in concert with Sediment Buster in the manufacture, marking, labeling, advertising, and distribution of the product and participates in and benefits from the challenged conduct. The same two individuals, Verhoff and Sprecher, manage both companies from the same address.

21. Defendant John Verhoff is, on information and belief, a Florida resident. He is the named inventor of the '044 Patent and the applicant on the application that became it. He identifies himself as a co-owner of Sediment Buster, and the records of the Florida Division of Corporations list him as a manager of both Sediment Buster and Plumbing Nerds. In their Rule 26 initial disclosures served October 26, 2026, Defendants identified Verhoff as "Inventor and Co-Owner of Defendant's Sediment Buster, LLC and Plumbing Nerds MFG." In March 2024, Defendants'

website described him as "a master licensed plumber and CEO of Plumbing Nerds LLC." *Composite Exhibit E* (March 26, 2024 capture).

22. Before Import Global's January 30, 2026 notice, Defendants' website stated that "The Sediment Buster® was invented by John Verhoff, a licensed master plumber," that "Through his innovation, John was awarded U.S. Utility Patent 11084044 B2, which claims the use of fluid (air or water) to break up, stir, and remove sediment from a water heater tank," and that "To bring the product to market, John partnered with Joel Sprecher, an entrepreneur who helped further develop the tool and scale its production." *Composite Exhibit E* (December 5, 2025 capture).

23. On July 21, 2026, Verhoff personally signed Amazon's APEX patent-owner submission as "Inventor, Co-owner Sediment Buster LLC." The submission identified claim 1 of the '044 Patent and Import Global's ASIN B0G674JLLB, and represented and warranted that the patent owner "owns or has the right to enforce the patent." *Exhibit J* at 4-5.

24. On information and belief, Verhoff authored or approved the website's description of the '044 Patent, authorized the patent marking on the product and its packaging, and authorized, directed, or ratified the January and July 2026 Amazon submissions. That belief rests on the facts pleaded here: Verhoff is the named inventor and the applicant on whose behalf the cartridge limitation was added; the website credits the patent to him by name; in March 2024 the website stated that he "is partnered with Joel Sprecher, CEO of Plumbing Nerds MFG, to design, manufacture, and market the Sediment Buster," *Composite Exhibit E* at 36; he manages both companies that make and sell the product and co-owns the patent's owner; and he personally signed the July 2026 patent-owner submission. How Verhoff and Sprecher divide authority within the two companies they alone manage is information within Defendants' control.

25. The ’044 Patent identified Nerd Concepts, Inc. as assignee at issuance. USPTO assignment records show that Verhoff assigned his interest in the ’044 Patent to Sediment Buster by an assignment executed May 9, 2023 and recorded May 22, 2023, and that Nerd Concepts, Inc. assigned its interest to Sediment Buster by an assignment executed and recorded May 13, 2025 (Reel/Frame 48785/0746, 63716/0675, 71286/0139).

26. Where this First Amended Complaint uses the term “Defendants,” it alleges that each of Sediment Buster, Plumbing Nerds, and Verhoff engaged in the conduct described, in the respective manner set out in paragraphs 11 through 24 and in the Count in which the term appears. Where conduct is attributable to fewer than all three Defendants, the Defendant or Defendants responsible are named.

**JURISDICTION AND VENUE**

27. This Court has subject-matter jurisdiction over the patent declaratory-judgment claim under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under the patent laws of the United States, including 35 U.S.C. § 271.

28. This Court has subject-matter jurisdiction over Import Global’s false-marking claim under 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 292(b).

29. This Court has subject-matter jurisdiction over Import Global’s Lanham Act claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121(a) and 1125(a).

30. The Court has supplemental jurisdiction over the related Florida-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the federal claims.

31. An actual and justiciable controversy exists. Sediment Buster has accused Import Global’s product of infringing claim 1, demanded destruction of inventory and cessation of sales,

twice invoked Amazon's patent enforcement processes, and has never withdrawn its accusations or offered a covenant not to sue.

32. Sediment Buster and Plumbing Nerds are subject to personal jurisdiction in Florida because they are Florida entities. Verhoff is subject to personal jurisdiction because he is, on information and belief, a Florida resident and because he personally directed and participated in the conduct alleged in this First Amended Complaint, including the APEX assertion aimed at Import Global in Fort Lauderdale. All Defendants deliberately used Amazon's processes to suppress Import Global's Florida-based business and caused and threatened injury in this District.

33. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Defendants' sale of the falsely marked and falsely advertised product to consumers in this District through Amazon and Home Depot, Defendants' cease-and-desist demand directed to Import Global's Fort Lauderdale principal place of business, and Defendants' Amazon enforcement submissions targeting listings operated from this District, causing actual and threatened injury to Import Global's business centered in Broward County.

34. Assignment to the Fort Lauderdale Division is appropriate because Import Global's principal place of business is in Broward County, where the core injury to its business is centered.

## FACTUAL ALLEGATIONS

### A. IMPORT GLOBAL AND ITS AMAZON BUSINESS

35. Import Global sells products through Amazon under an ongoing seller relationship that includes product listings, fulfillment, advertising, and access to Amazon's customers. Import Global has sold the Accused Product through Amazon since February 2026, when the first sale on ASIN B0G674JLLB was made, and the listing generates substantial monthly revenue. Removal or

suppression of an ASIN halts sales, interrupts advertising, impairs search ranking and reviews, strands inventory, damages account health, and diverts customers to competitors.

36. Import Global developed and imported a competing water heater flushing tool sold under the SEDIMENT GONE name. The product is designed to connect to a water heater drain outlet and to permit air from a separately supplied air pump to break up sediment and facilitate flushing or draining.

37. Import Global's Accused Product is sold without a compressed gas cartridge. Import Global does not bundle a compressed gas cartridge with the product, does not require customers to use one, and does not instruct or encourage customers to use one.

38. The Accused Product has substantial noninfringing uses with a hand pump, bicycle pump, or other standard air pump, which is what its instructions call for ("Any Standard Air Pump"). These are the same air sources Defendants' own instructions direct for their product, and none of them creates the claimed apparatus requiring "a compressed gas cartridge coupled to the inlet valve."

39. ASIN B0G674JLLB identifies the accused SEDIMENT GONE product at issue in Sediment Buster's July 2026 APEX submission. ASIN B0GFPRHYKZ was also targeted in Sediment Buster's January 2026 Amazon patent complaint.

40. Sediment Buster competes directly with Import Global for consumers seeking water heater flushing and sediment-removal tools, including customers shopping on Amazon. Defendants also market and sell the Sediment Buster product through retail channels, including The Home Depot, with the '044 Patent number on the product's packaging. *Exhibit D*. In its July 2, 2025 verified complaint, Sediment Buster swore that its Amazon store had been "the source of at least 80,000 units." *Sediment Buster, LLC v. Wang*, No. 1:25-cv-02052-STV (D. Colo.), ECF

No. 1 ¶ 14. In a trademark application for the product's configuration filed with the USPTO on March 23, 2026 (Serial No. 99719398), Sediment Buster represented that it had sold "Over 195,000 units" of the product, with total gross sales of $7,788,545.83 from November 2023 through March 15, 2026. USPTO TSDR record, Serial No. 99719398, Evidence of Acquired Distinctiveness filed March 23, 2026.

**B. THE '044 PATENT AND ITS PROSECUTION HISTORY**

41. The '044 Patent, titled "Sediment Buster for Water Container Flushing System Including Sediment Separator, and Associated Methods," issued on August 10, 2021 from U.S. Patent Application No. 16/374,393.

42. The '044 Patent contains only claims 1 and 2. Both are apparatus claims: claim 1 begins "A sediment buster tool for water heater draining," and claim 2 begins "The sediment buster according to claim 1." Despite the words "and Associated Methods" in its title, the '044 Patent contains no method claim.

43. Claim 1 recites a combination apparatus and requires, among other elements, a main body defining a conduit, first and second connectors, an inlet valve, a shut-off valve, and "a compressed gas cartridge coupled to the inlet valve for selectively supplying gas into the drain outlet via the conduit and the first connector."

44. Claim 2 depends from claim 1 and adds that the main body is configured to be used as the water heater tank's drain port. Claim 2 therefore necessarily includes every limitation of claim 1, including the compressed gas cartridge.

45. The compressed gas cartridge language did not originate in the claims. It was added by amendment during prosecution, in response to a prior-art rejection, and the applicant relied on it to distinguish the prior art from that point through allowance. The sequence was as follows.

46. In a September 1, 2020 non-final office action, the examiner rejected the then pending apparatus claims under 35 U.S.C. § 103 over Palmer in view of Nugent and, for the supply source limitations, further in view of Pearson. *Exhibit B* at 16-17.

47. The examiner found that Palmer and Nugent taught the body, conduit, valves, connectors, and water heater drain application, and that Pearson taught use of a fluid pump or compressed fluid supply. The examiner stated that such means "are all art equivalents well known throughout the art to be interchangeable." *Exhibit B* at 18.

48. On November 2, 2020, in response, the applicant amended claim 1 by replacing "fluid" with "gas" in the main body and inlet valve limitations and replacing the broad "fluid supply device" limitation with the narrower "compressed gas cartridge" limitation. The applicant also narrowed the first connector limitation and cancelled the dependent claims that had recited a "fluid pump" and a "compressed fluid supply." *Exhibit B* at 2, 21-24.

49. The applicant's remarks distinguished each applied reference on the cartridge. As to Palmer: "There is no fluid supply, and no compressed gas cartridge as is now claimed." As to Nugent: "There is no fluid supply in the device of Nugent, and certainly no compressed gas cartridge as is now claimed." As to Pearson, the reference the examiner had cited for pumps and compressed fluid supplies: "It is sufficient to note that Pearson does not teach the use of a compressed gas cartridge in a portable plumbing tool." The applicant stated that "the claim now recites that a compressed gas cartridge is coupled to the inlet valve for selectively supplying gas into the drain outlet via the conduit and the first connector," and that "[t]he gas from the compressed gas cartridge forcefully enters the drain port of the water heater to bust up the sediment." *Exhibit B* at 27-28.

50. On February 2, 2021, the examiner issued a final rejection of amended claims 1 and 6 under 35 U.S.C. § 103 over Palmer, Nugent, Coogle, and Pearson. The examiner again relied on Pearson for using "a fluid pump or a compressed fluid supply" and again found that such means "are all art equivalents well known throughout the art to be interchangeable." *Exhibit B* at 36-38.

51. On May 3, 2021, after an examiner interview the same day, the applicant filed an after-final amendment. The compressed gas cartridge limitation was left unchanged. The applicant added to the preamble that the water heater includes "a tank that holds heated water under pressure," changed "sediment" to "hard sediment," and amended the shut-off valve limitation to recite that the gas flows "from the inlet valve, within the conduit, into the drain outlet, and then into the tank while breaking up the hard sediment accumulated at the drain outlet inside the tank." The applicant cancelled all remaining claims other than claims 1 and 6. *Exhibit B* at 41-44.

52. In the remarks filed with that amendment, the applicant again relied on the cartridge to distinguish the prior art, stating that "[t]he gas from the compressed gas cartridge forcefully enters the drain port of the water heater to bust up the hard sediment into the tank," and maintaining that none of the references taught "a compressed gas cartridge being coupled to the inlet valve." *Exhibit B* at 49-50.

53. In a Notice of Allowability dated May 8, 2021 and mailed May 12, 2021, the examiner allowed claims 1 and 6, stating as the reasons for allowance that "the examiner is persuaded by applicant's arguments, specifically those on the bottom of page 8 in the response." *Exhibit B* at 51, 56. The applicant filed no comments on the statement of reasons for allowance. The patent issued on August 10, 2021 with claims 1 and 6 renumbered as claims 1 and 2. At no point after November 2, 2020 did the applicant amend, withdraw, or broaden the compressed gas cartridge limitation; issued claim 1 recites it in the words added on November 2, 2020.

**C. THE SPECIFICATION AND THE CLAIMS**

54. The specification of the ’044 Patent describes the gas source as a “fluid supply device 45” and states: “The fluid supply device 45 may be a fluid pump (e.g. a hand pump) or compressed fluid supply, such as a $CO_2$ cartridge, for example.” It also states that the inlet valve is “configured to couple to the fluid supply device 45 (e.g., FIG. 4), such as a compressed gas cartridge. Other compressed or non-compressed liquids or gases may also be used as would be appreciated by the skilled artisan.” *Exhibit A*, col. 5, ll. 39-42; col. 6, ll. 33-36.

55. The applicant claimed those alternatives as filed, in dependent claims reciting “a fluid pump” and “a compressed fluid supply,” and cancelled them on November 2, 2020 when it narrowed claim 1 to “a compressed gas cartridge.” *Exhibit B* at 2, 21-24. The issued claims do not recite a fluid pump, a hand pump, a bicycle pump, an air compressor, or a generic compressed fluid supply.

**D. NOTICE TO DEFENDANTS**

56. On July 12, 2025, attorney David Fink prepared a written legal opinion addressing the ’044 Patent and the competing product. On November 25, 2025, before Import Global’s launch, Fink emailed the opinion, the ’044 Patent, the non-final office action, and the narrowing amendment to Joel Sprecher, writing that Import Global would soon sell a competing device that “does not infringe your ’044 Patent” and that his goal was “to avoid litigation.” None of Sprecher, Sediment Buster, Plumbing Nerds, or Verhoff responded to the opinion or addressed its analysis. *Exhibit C*.

57. The July 2025 opinion also placed Sediment Buster on notice of its own patent representations: it stated that the Sediment Buster label’s description of the product as a “patented tool” was “legally incorrect,” that “[t]he Sediment Buster is not sold with a ‘compressed gas

cartridge'," and that, "contrary to the statement the Sediment Buster as sold is not patented." *Exhibit C* at 3, 5.

58. On January 12, 2026, Amazon notified Import Global that it had removed ASIN B0GFPRHYKZ based on a report from Sediment Buster, through its counsel Tom Walsh, asserting the '044 Patent (Complaint ID 19253975201). The removal delayed the listing's launch. *Exhibit G* at 2; *see Exhibit H* at 2, 4.

59. Import Global appealed. Its submission to Amazon included the July 2025 opinion, the '044 Patent, the non-final office action, the narrowing amendment, Sediment Buster's complaint, and information about the ASIN and the Sediment Buster product. Import Global again explained that the Accused Product does not require use of a compressed gas cartridge. *Exhibit G* at 4-5. On January 14, 2026, Import Global emailed the materials it was submitting to Amazon, including counsel's noninfringement opinion, the '044 Patent, the non-final office action, and the narrowing amendment, directly to Sediment Buster principal Joel Sprecher at joel@sedimentbuster.com. No one responded to the email or addressed the opinion. *Exhibit K*.

60. After reviewing Import Global's submission, Amazon reinstated both B0GFPRHYKZ and B0G674JLLB, and the Accused Product has sold continuously on Amazon since its first sale on February 18, 2026. *Exhibit G* at 4, 6.

61. On January 27, 2026, Sediment Buster, through counsel, sent Import Global a cease-and-desist demand alleging infringement of the '044 Patent. The demand accused Import Global of attempting to conceal infringement, threatened litigation, and demanded cessation of sales, destruction of inventory, and restrictions extending beyond the claims of the '044 Patent. It did not include a claim chart or explain how Import Global's product could meet the compressed-gas-cartridge limitation. *Exhibit H*.

62. On January 30, 2026, Import Global's counsel, Mark Berkowitz of Tarter Krinsky & Drogin LLP, responded in writing. The response quoted the missing limitation, cited the all-elements rule, described the narrowing amendment, rejected Sediment Buster's patent demands, and warned that additional interference would result in litigation. It separately placed Sediment Buster, through its counsel, on notice of false patent marking, identifying Defendants' website (https://sedimentbuster.com/) as the place where Sediment Buster "represents in its advertising and marketing materials that its product is covered by U.S. Patent No. 11,084,044 B2." *Exhibit I* at 3.

63. Neither Sediment Buster, Plumbing Nerds, Verhoff, nor their counsel provided any response to the January 30, 2026 letter. Before Import Global filed this action, no Defendant supplied a claim chart, identified a directly infringing combination, explained an indirect-infringement theory, addressed prosecution-history estoppel, retracted the accusations, or provided a covenant not to sue.

**E. THE JULY 2026 APEX ASSERTION**

64. On July 22, 2026, Amazon notified Import Global that Sediment Buster had submitted an APEX assertion alleging that ASIN B0G674JLLB infringes claim 1 of the '044 Patent. The patent-owner form, signed by Verhoff as "Inventor, Co-owner Sediment Buster LLC" and dated July 21, 2026, identifies Sediment Buster as patent owner, lists "Plumbing Nerds MFG LLC (licensed manufacturer, dba Sediment Buster)" as an entity related to the patent owner, names "Justin P Miller, Distinct Patent Law" as the contact for the patent owner or its authorized representative, claim 1 as the asserted claim, and Import Global's ASIN B0G674JLLB as the Accused Product, and represents and warrants that the patent owner "owns or has the right to enforce the patent." It does not explain how the absent cartridge limitation is met. Who prepared the form and entered those selections is information within Defendants' control. *Exhibit J* at 4-5.

65. Amazon's notice stated that the ASIN and materially identical variants would be removed unless Import Global chose one of the specified alternatives within three weeks, and that Import Global could continue selling if it filed a federal declaratory-judgment action concerning noninfringement and supplied the complaint within that period.

**F. THE MARKING AND ADVERTISING OF THE SEDIMENT BUSTER PRODUCT**

66. Defendants sell a standalone Sediment Buster water heater flushing tool, Part #SEDBUS-V1-B, UPC 197644039463. The package contents, as listed on the package itself, are "Sediment Buster®, black gasket, QR code Instructions & Videos." The package does not contain a compressed gas cartridge. *Exhibit D*.

67. Defendants' packaging marks the standalone article with "Pat: US 11,084,044 B2." The same back panel states "Works with any air pump," depicts a hand-operated air pump labeled "Use any air pump" connected to the tool in use, and directs the user to "www.sedimentbuster.com/instructions" and to "SCAN FOR INSTRUCTIONS & VIDEOS." The package does not package, teach, or depict a compressed gas cartridge coupled to the inlet valve, and the words "compressed gas," "cartridge," and "CO2" do not appear anywhere on the package. *Exhibit D*.

68. On October 20, 2026, Import Global purchased a unit of the Sediment Buster product, Part # SEDBUS-V1-B, UPC 197644039463, at The Home Depot store no. 6341, 5801 University Drive, Davie, Florida 33328, for $38.90 plus $2.72 sales tax, a total of $41.62. The product was displayed for sale on the store shelf in a "Sediment Buster®" display carton. The package bears the same marking, the same "Works with any air pump" statement, and the same "Use any air pump" drawing described above. Photographs of the package, the store display, and the purchase receipt are attached as *Exhibit D*.

69. Defendants mark the product itself. The clear body of the tool purchased at The Home Depot on October 20, 2026 is molded "PAT. US20190283037A1," the publication number of the application that issued as the '044 Patent. That application was published on September 19, 2019, almost two years before the patent issued. *Exhibit D* at 7; *Exhibit A* at 2. On information and belief, because the legend is a pre-issuance publication number, it has been molded into every unit since the product was first sold. The unit purchased on October 20, 2026 bears no '044 Patent number, no qualified notice, and no reference to a compressed gas cartridge, and, on information and belief, no unit has.

70. Defendants' instructions, titled "Sediment Buster® Water Heater Flushing and Cleaning Instructions," bear the notice "© Sediment Buster LLC All Rights Reserved" and were published at www.sedimentbuster.com/instructions, the address printed on the package. On information and belief, Defendants published them at that address until replacing them with the revised manual described in paragraph 78. They tell the user to "attach your air pump, and inject a few short bursts of air to break up the clog," and add the tip "Use an air compressor." Their only mention of $CO_2$ is a warning: "Use air compressors or $CO_2$ compressors at your own risk." Nothing in them tells the purchaser to obtain a compressed gas cartridge or to couple one to the inlet valve. The package states "Recommended 80 PSI & 100F," and the instructions warn, "Do not exceed 80 PSI of pressure into the tank or the device." *Exhibit D*.

71. Sediment Buster's own earlier instruction manual, which Sediment Buster alleged in federal court to be its registered copyrighted work and swore that purchasers receive, lists what the user needs as "Bicycle or Hand Pump (Air Compressor or CO2 at your own risk)" and instructs the user to "Affix your preferred air pump and nozzle to the brass end of the Sediment Buster™ air valve (This procedure is equivalent to putting air into a car or bicycle tire)." *Exhibit Q* (Doc. 1-

1); *Sediment Buster, LLC v. Wang*, No. 1:25-cv-02052-STV (D. Colo.), ECF No. 1 ¶ 15 (verified by Joel Sprecher as "Manager, Sediment Buster, LLC" on July 2, 2025). The Certificate of Registration for that manual, Registration No. TX 9-494-270, identifies Sediment Buster LLC as author (work made for hire) and copyright claimant, states a date of first publication of November 30, 2023, and bears an effective date of registration of April 24, 2025. *Exhibit Q* (Doc. 1-2). Defendants' instructions have thus told purchasers to use a bicycle or hand pump since at least November 2023.

72. Defendants' website, sedimentbuster.com, has advertised the product as patented since at least March 2024. On March 26, 2024, the home page listed "Patented Air Injection Process" and "Use Hand or Bicycle Pump" among the product's "STAND-OUT FEATURES," described the product as "The All-New Utility Patented Sediment Buster," and stated that "Plumbing Nerds MFG, DBA Sediment Buster, is exclusively licensed to manufacture and sell the Sediment Buster. The inventor, John Verhoff, is a master licensed plumber and CEO of Plumbing Nerds LLC." *Composite Exhibit E* (March 26, 2024 capture). On December 8, 2024, the website's product page described the product as having a "patented air injection design" and a "patented air pressure process," and listed, among the reasons to use it, "Works with any air pump – Use CO2, Air Compressor or even a bicycle pump." *Composite Exhibit E* (December 8, 2024 product page capture). The '044 Patent has no process claim.

73. On May 12, 2025, Defendants' website "Questions and Answers" page answered the question "Why is the Sediment Buster the best option for cleaning or maintaining a water heater?" by stating that "[t]he patented air injection process eliminates the need to remove any part of the water heater while still effectively stirring the tank and removing the sediment" and "Use any air pump including a hand bicycle pump!" *Composite Exhibit E* (May 12, 2025 Questions and

Answers capture). On October 9, 2025, the home page still listed "Patented Air Injection Process" and "Use Hand or Bicycle Pump" among the product's features. *Composite Exhibit E* (October 9, 2025 capture).

74. On December 5, 2025, and before Import Global's January 30, 2026 false-marking notice, Defendants' website stated that Plumbing Nerds "is the solely licensed manufacturer and producer of the Sediment Buster®, a patented tool," that "The Sediment Buster® was invented by John Verhoff," and that "Through his innovation, John was awarded U.S. Utility Patent 11084044 B2, which claims the use of fluid (air or water) to break up, stir, and remove sediment from a water heater tank," without disclosing the cartridge limitation, and that "His invention specifically harnesses air pressure for powerful and efficient flushing." The same page stated "Works with any type of air pump" and "Compatible with hand, foot, or electric air pumps." *Composite Exhibit E* (December 5, 2025 capture).

75. The marking on the packaging in the record, including the package purchased on October 20, 2026, is unqualified. It does not state that the article is for use under the '044 Patent, that it is licensed under the '044 Patent, or that the patent covers the article only when combined with a compressed gas cartridge, and Import Global has not located any Sediment Buster package on which the marking is so qualified. The qualified patent statements Defendants published online after the notice, described below, do not appear on the retail packaging in the record. *Exhibit D*. An earlier retail box for the product, Part # SEDBUS-V1, bears the marking "Pat: US11084044B2," describes the product as "A patented tool designed to flush, clean & drain water heaters with ease!," states "Works with any air pump," and names "Plumbing Nerds MFG, DBA Sediment Buster LLC, Naples, FL," and does not mention a compressed gas cartridge or CO2 anywhere on the box. *Exhibit D at 6*.

76. By February 2026, after Import Global's January 30, 2026 notice, Defendants' Amazon listing stated, as a "Special Feature," "Utility Patent 11084044 when coupled with Compressed Gas Cartridge (sold separately)," and described the product as "Created & Utility Patented 11084044 to use with compressed gas cartridge (sold separately)" and as a "Utility Patented Tool that works best with a compressed gas cartridge (sold separately)." The patent number remained on the packaging of the standalone article. *See Exhibit L*.

77. By March 7, 2026, Defendants' website "Frequently Asked Questions" page stated: "The Sediment Buster® valve is patented for use with a compressed gas cartridge (sold separately). A standard $CO_2$ cartridge provides a portable, simple, and powerful air source, delivering short, controlled bursts of gas into the tank and is our recommended air source through the standard valve." *Exhibit F*. The same page stated that "[t]here's no need to own an air compressor—homeowners can simply use an affordable compressed gas cartridge (sold separately) to power the system." *Id.* Ten months earlier, Defendants' answer to the same subject had been "Use any air pump including a hand bicycle pump!" Paragraph 73. The March 2026 statement, which Defendants knew how to write within weeks of the notice, is the kind of qualified statement that does not appear on the retail packaging in the record.

78. At least by May 18, 2026, Defendants had replaced the online instruction manual with a revised manual that lists, under "What you will need," a "Pneumatic Inflator (Compressed Gas Cartridge Recommended)" and states, in a footnote, "Accepts any standard pneumatic inflators; Use compressed gas / compressed gas -cartridge [sic] (sold separately) for best results." *Exhibit N*. The revised manual does not state that a compressed gas cartridge is required; it states that the tool "Accepts any standard pneumatic inflators."

79. At least by July 22, 2026, Defendants again revised or replaced the Amazon listing language. The Amazon listing then stated that the tool "[a]dapts to ANY standard air source including CO2 gas cartridge, air compressor or hand / bicycle pump (sold separately)." This language markets pumps and compressors as ordinary alternative air sources even though the patent applicant narrowed the issued claims from a generic supply device to a specific compressed gas cartridge. *Exhibit O*.

80. At least by October 21, 2026, the Amazon listing stated: "Use with compressed gas cartridge such as CO2, air compressor or hand / bicycle pump (sold separately)." The same listing contained no reference to the '044 Patent or to any patent. Its "Features" panel illustrates the tool in use with a floor-standing hand pump connected to the air inlet, captioned "Break. Stir. Extract.," and its specifications list "Maximum Pressure 80 psi." *Exhibit P* at 2, 5, 6. Carbon dioxide stored in a compressed gas cartridge is held as a liquid at its vapor pressure, which at room temperature is approximately 837 psi, more than ten times the 80 psi limit molded into the body of the Sediment Buster product ("MAX 80 PSI") and printed on its package. U.S. Dep't of Agric., Forest Serv., *Dangers of Heat Exposure to CO2 Cylinders* (July 31, 2000) (last visited October 30, 2026); *see also* Carrier Corp., *R-744 Temperature-Pressure Chart* (838.1 psig at 70°F) (last visited October 30, 2026). Defendants' own pressure warnings thus direct purchasers away from coupling an unregulated compressed gas cartridge to the inlet valve, which is the combination claim 1 requires.

81. The March 7, 2026 archived capture of Defendants' home page contains both the earlier "About Us" paragraph described in paragraph 74 and another "About Us" section stating that Plumbing Nerds "is the licensed manufacturer and producer of the Sediment Buster®, a specialized tool designed to flush and clean water heaters using controlled air pressure," and that Verhoff "attained patents revolving around flushing and separating sediment as well as a tool."

*Exhibit M* at 30-31. On October 21, 2026, the earlier patent paragraph remained in the page's code within a section hidden by the site's stylesheet. *Exhibit S* at 2-4.

82. None of these listings or pages teaches that a compressed gas cartridge is required to use the product. Each describes the cartridge as "sold separately"; the February 2026 listing presents it as the recommended air source and the one that "works best," and the July and October 2026 listings list it alongside an air compressor and a hand or bicycle pump. Defendants do not include a compressed gas cartridge with the product. On information and belief, Defendants do not sell a compressed gas cartridge or a cartridge adapter for the product: none of Defendants' listings or web pages reviewed by Import Global offers one, and each describes the cartridge as "sold separately."

83. Throughout the period described in paragraphs 76 through 81, the retail package remained marked and worded as described in paragraph 67, *Exhibit D*; Defendants' instructions directed the user to "attach your air pump" and to "Use an air compressor" until the revised online manual replaced them, *Exhibit D* (instruction manual); the revised online manual posted by May 18, 2026 directs the user to inject "bursts of air" from "an air source" that "[a]ccepts any standard pneumatic inflators," recommending but not requiring a cartridge, *Exhibit N*.

84. Defendants knew the actual claim language. Verhoff is the named inventor and applicant, was the addressee of record for the office actions, and was the person on whose behalf the amendment adding the cartridge limitation was filed; he personally signed the claim-1 APEX assertion; Defendants and their counsel possessed the prosecution history; Sediment Buster and Plumbing Nerds received written notice by November 25, 2025 and renewed notice on January 14 and January 30, 2026; and, on information and belief, Verhoff, who manages both companies, received each notice. The February, March, May, July, and October 2026 statements described

above show post-notice attention to the cartridge issue while the package remained marked and promoted for pump-based use.

85. Despite that knowledge, Defendants continued marking the product, continued publishing the overbroad website statement that the patent "claims the use of fluid (air or water)" at least through December 5, 2025, the last archived capture before the rewritten "About Us" text appeared, *Composite Exhibit E*; *Exhibit M* at 30-31; *see Exhibit I* at 3 (January 30, 2026 notice identifying the website as the location of the patent representation), continued advertising the product as patented, and used the asserted patent coverage against a direct competitor.

86. The specifics of the false marking are pleaded above: the actors are Sediment Buster, Plumbing Nerds, and Verhoff, in the respective roles stated in paragraphs 11 through 24; the false statements appear on the standalone tool, its packaging, Defendants' Amazon listings, and Defendants' website; the conduct has run from at least March 2024 (website) and, as to the article itself and its packaging, on information and belief since the product was first sold, through the present, in Florida and nationwide through Amazon, The Home Depot, and online advertising; and the deception consists of displaying the '044 Patent number on an article that does not practice any claim, describing the patent as broadly covering the use of air or water and as covering an "air injection process," and revising the online advertising after notice without removing or qualifying the false marking on the product itself.

**G. BAD FAITH**

87. Good faith communications about patent rights are protected under federal patent law. Defendants' interference was neither objectively reasonable nor undertaken in good faith. The assertion was objectively baseless for the reasons stated in Sections B and C: every issued claim requires a compressed gas cartridge coupled to the inlet valve, the Accused Product is sold without

one, the limitation was added to overcome prior art, and no direct or indirect infringement theory that accounts for it has been identified.

88. Subjective bad faith is supported by Defendants' actual knowledge of the patent, prosecution history, Accused Product, July 2025 analysis, January 2026 appeal, Amazon reinstatement, January 30 counsel response, and the absence of any responsive claim analysis. It is further supported by Verhoff's personal decision to sign the renewed claim-1 APEX assertion and by the changes in Defendants' Amazon listing, website, and online manual documented after the notice.

89. Subjective bad faith is further supported by the breadth of Sediment Buster's demands, including destruction of inventory and restrictions extending beyond the actual patent claims, and by Defendants' use of the patent to suppress competition while publicly misstating the patent's scope.

90. Defendants' representation that the Sediment Buster product is patented also obstructs Import Global's access to retail channels. Defendants sell the product through The Home Depot with the '044 Patent number on the package and advertise it to retailers and consumers as patented. On information and belief, retailers and distributors treat Defendants' representation of patent coverage as a reason not to carry a competing product, and Import Global's entry into retail distribution has been delayed as a result.

91. As a direct and proximate result of Defendants' conduct, Import Global has suffered and continues to suffer damages, including sales delayed by the January 2026 removal of ASIN B0GFPRHYKZ, sales and customers diverted by Defendants' false claims of patent-backed exclusivity, damage to its Amazon relationship and account health, legal and appeal expenses, and other damages to be proven at trial, including damages adequate to compensate for its competitive

injury under 35 U.S.C. § 292(b). The renewed APEX assertion remains pending. Amazon has permitted ASIN B0G674JLLB to remain listed only while this action proceeds; absent relief from this Court, removal of that listing and materially identical variants would cause irreparable harm, including the loss of accumulated search ranking, customer reviews, listing history, and customer goodwill, which cannot be adequately measured or restored through money damages.

**COUNT I**
**DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT**
**(Against Sediment Buster, LLC)**

92. Import Global incorporates paragraphs 1 through 91 as though fully set forth herein, but does not incorporate allegations of any other count.

93. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States.

94. Sediment Buster has asserted that ASIN B0G674JLLB infringes claim 1 of the ’044 Patent. Sediment Buster threatened litigation and demanded cessation of sales and destruction of inventory; submitted a January 2026 Amazon patent complaint against Import Global; and, through the APEX submission signed on its behalf by its co-owner and manager Verhoff, invoked APEX under threat of Amazon removal.

95. The controversy is immediate and concrete because Amazon imposed a three-week deadline and expressly identified a federal declaratory-judgment action as one means by which Import Global may preserve its listing while the dispute is adjudicated, and because Sediment Buster has never withdrawn its accusations or offered a covenant not to sue.

96. Import Global does not directly infringe claim 1 because the Accused Product does not include “a compressed gas cartridge coupled to the inlet valve.”

97. Import Global does not directly infringe claim 2 because claim 2 depends from claim 1 and necessarily includes the same absent limitation.

98. Import Global does not infringe under the doctrine of equivalents. The applicant narrowed "fluid supply device" to "compressed gas cartridge" in response to a patentability rejection, presumptively surrendering the territory between those limitations, including pump, compressor, and generic compressed-fluid sources. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 736, 740-41 (2002). The applicant also argued, in both of its responses, that no applied reference taught "a compressed gas cartridge" coupled to the inlet valve, and never withdrew or broadened that limitation through allowance. Paragraphs 49, 52, 53. In this Count, a "Non-Cartridge Air Source" means a hand pump, bicycle pump, or air compressor used with the Accused Product without a compressed gas cartridge.

99. None of the *Festo* exceptions apply. Pumps and compressed-fluid supplies were not unforeseeable: the applicant claimed "a fluid pump" and "a compressed fluid supply" in dependent claims as filed and cancelled them when it narrowed claim 1, and the examiner twice found such sources to be "art equivalents well known throughout the art to be interchangeable." Paragraphs 47, 48, 50, 55. The reason for the amendment was the type of supply source itself, not something tangential to it. The record supplies no other reason why the applicant could not have claimed those alternatives.

100. The disclosure-dedication rule independently bars Sediment Buster from recapturing pumps and compressed-fluid supplies as equivalents because the specification expressly discloses those alternatives but the issued claims do not claim them.

101. Treating a Non-Cartridge Air Source as the claimed compressed gas cartridge would recapture the surrendered subject matter, vitiate the expressly added limitation, and erase the narrowing amendment.

102. Import Global does not induce infringement because it does not supply or instruct use of the claimed cartridge, lacks specific intent to cause infringement, and Sediment Buster has identified no underlying direct infringement.

103. Import Global does not contributorily infringe because the Accused Product is a staple article of commerce suitable for substantial noninfringing uses, including its instructed operation with a standard air pump, such as a hand pump or bicycle pump, and no compressed gas cartridge, and because Sediment Buster has identified no direct infringement by any purchaser.

104. Import Global is entitled to a declaration against Sediment Buster that the manufacture, importation, marketing, offer for sale, sale, and use of its Accused Product, as presently configured and marketed, do not infringe claims 1 or 2 of the ’044 Patent, directly or indirectly, literally or under the doctrine of equivalents, and that prosecution-history estoppel and the disclosure-dedication rule bar any doctrine-of-equivalents theory based on a Non-Cartridge Air Source.

105. Import Global is further entitled to appropriate relief preventing Sediment Buster, its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with it who receive actual notice, from continuing to assert the ’044 Patent against the Accused Product in its present configuration and marketing, including retraction of the pending APEX complaint.

**COUNT II**
**FALSE PATENT MARKING, 35 U.S.C. § 292(b)**
**(Against Sediment Buster, LLC, Plumbing Nerds MFG, LLC, and John Verhoff)**

106. Import Global incorporates paragraphs 1 through 91 as though fully set forth herein, but does not incorporate allegations of any other count.

107. Section 292(a) provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public" is liable, and section 292(b) provides that a person who has suffered a competitive injury as a result of a violation may sue for recovery of damages adequate to compensate for the injury.

108. The article Defendants package, offer for sale, and sell, the standalone Sediment Buster tool (Part # SEDBUS-V1-B), does not include the compressed gas cartridge required by every issued claim and therefore is not covered by claim 1 or claim 2 of the '044 Patent. It is an unpatented article within the meaning of section 292. Defendants also mark the article itself: the legend "PAT. US20190283037A1" molded into the body of the product is a word and number importing that the article is patented. *Supra* at ¶69.

109. Plumbing Nerds marked the packaging of the unpatented article with the '044 Patent number, and thereby affixed the patent number to the article as sold: it manufactures and packages the product, affixes the marking "Pat: US 11,084,044 B2" to the packaging, identifies itself on the packaging directly beneath that marking as the responsible company, and sells and advertises the product as patented through the Amazon storefront for which it is the seller of record, through The Home Depot, and through Defendants' website, on which it holds itself out as the product's "solely licensed manufacturer and producer." *Supra* at ¶¶12-20, 66-68, 72-74.

110. Sediment Buster, the owner of the ’044 Patent, authorized and used the marking of the unpatented article’s packaging with its patent number and used the patent number and the word “patented” in advertising the article on the Amazon listing for the product sold under the Sediment Buster name and on the website at sedimentbuster.com. Sediment Buster authored and holds the copyright in the instructions for the product, which direct purchasers to use a bicycle or hand pump, an air pump, or an air compressor, and has sworn that purchasers receive its copyrighted instructions. *Supra* at ¶¶ 11, 70-74.

111. Verhoff used the ’044 Patent number and the word “patented” in advertising in connection with the unpatented article: Defendants’ website advertised the product as “a patented tool,” as having a “Patented Air Injection Process,” and as the invention for which “John was awarded U.S. Utility Patent 11084044 B2, which claims the use of fluid (air or water).” *Supra* at ¶¶ 22, 72-74. On information and belief, for the reasons stated in Paragraph 24, Verhoff authored or approved those statements and authorized the marking of the standalone article’s packaging with the ’044 Patent number. Verhoff is not named merely because of his corporate role; section 292 applies to “[w]hoever” falsely marks or advertises an unpatented article for the purpose of deceiving the public.

112. The packaging in the record bears no qualified notice, such as a statement that the article is for use under the ’044 Patent, or any statement that the patent covers the article only when combined with a compressed gas cartridge. Defendants do not include a compressed gas cartridge with the article. In none of the pre-notice versions of Defendants’ website or instructions in the record did Defendants recommend a compressed gas cartridge or tie the patent to one; the instructions mentioned $CO_2$ only as something to use “at your own risk.” The package depicts and promotes use with “any air pump.” Paragraphs 66 through 75. Only after Import Global’s notices

did Defendants begin recommending a cartridge and writing qualified patent statements online, and they still left the unqualified marking on the packaging. *Supra* at ¶¶ 76-83.

113. Defendants also advertised that the patent "claims the use of fluid (air or water) to break up, stir, and remove sediment from a water heater tank" and that it covers an "air injection process." Those representations are inconsistent with the issued claims, which contain no method claim and require a compressed gas cartridge. They describe instead the scope the USPTO refused: claims reciting a generic "fluid" and "fluid supply device," which the examiner rejected over the prior art and which the applicant replaced with "gas" and the compressed gas cartridge limitation to obtain the patent. *Supra* at ¶¶46-48, 74.

114. Defendants acted with the purpose of deceiving the public. Defendants knew that the standalone article does not include the compressed gas cartridge that every issued claim requires, *supra* at ¶84, and marked and advertised it as patented anyway. The inference of deceptive intent is supported by: (a) Verhoff's status as the named inventor and applicant on whose behalf the narrowing amendment was filed and as the personal APEX signatory; (b) the express claim language; (c) the legend molded into the body of the article, which is the number of the pre-issuance publication rather than of any patent, and which appears on the unit purchased at The Home Depot in October 2026, more than five years after the patent issued and nine months after the notices; (d) the July 2025 written analysis; (e) the November 25, 2025, January 14, 2026, and January 30, 2026 written notices; (f) the qualified patent statements Defendants published on their Amazon listing and website after the notices, and the cartridge recommendation they added to the online manual, which show that Defendants knew how to qualify a patent statement; (g) the continued, unqualified patent marking on packaging that states "Works with any air pump"; (h) the rewritten "About Us" text that appeared by March 7, 2026, which omits the patent number and

the "claims the use of fluid" sentence, with the earlier paragraph left in the page's code and hidden rather than deleted, and no correction of the marking on the packaging; and (i) Defendants' simultaneous use of the asserted patent coverage in two efforts to exclude Import Global's listings from Amazon.

115. The challenged conduct satisfies Rule 9(b) because the specific actors, articles, statements, patent number, media, period, notice, and deceptive mechanism are alleged in detail in Paragraphs 66 through 86.

116. Import Global is a direct competitor that took concrete steps to enter and compete in the market before filing this action, including product development, importation, inventory acquisition, creation of ASINs, pursuit of reinstatement, and current efforts to sell.

117. Import Global suffered competitive injury as a result of Defendants' violation, including customers and retail buyers diverted or deterred by the representation that the Sediment Buster product is patented, delayed and obstructed access to retail distribution, lost sales and opportunities, and expenses directly attributable to counteracting the false marking and patent advertising alleged in this count.

118. Under 35 U.S.C. § 292(b), Import Global is entitled to damages adequate to compensate for that competitive injury in an amount to be proven at trial.

119. Defendants' conduct was willful, deliberate, and continuing after written notice, supporting the full measure of compensatory and other relief available by law.

**COUNT III**
**FALSE ADVERTISING UNDER § 43(a)(1)(B) OF THE LANHAM ACT**
**(Against Sediment Buster, LLC, Plumbing Nerds MFG, LLC, and John Verhoff)**

120. Import Global incorporates paragraphs 1 through 91 as though fully set forth herein, but does not incorporate allegations of any other count.

121. Defendants used false or misleading descriptions and representations of fact in commercial advertising and promotion, including: (a) that the standalone product is patented by the ’044 Patent, through the unqualified marking “Pat: US 11,084,044 B2” on the packaging, the legend “PAT. US20190283037A1” molded into the product itself, and the description of the product as “a patented tool” and “The All-New Utility Patented Sediment Buster”; (b) that the ’044 Patent “claims the use of fluid (air or water) to break up, stir, and remove sediment from a water heater tank”; and (c) that the product has a “Patented Air Injection Process,” when the ’044 Patent contains no process claim and the product is promoted for use with a “Hand or Bicycle Pump.” *Supra* at ¶¶ 67, 69, 72-74.

122. Plumbing Nerds made and disseminated those representations by affixing the marking to the packaging it manufactures, by selling the product through the Amazon storefront for which it is the seller of record and through The Home Depot, and by holding itself out on the website as the licensed manufacturer and producer of “a patented tool.” *Supra* at ¶¶ 12-20.

123. Sediment Buster made and disseminated those representations through the Amazon listing for the product sold under the Sediment Buster name, the website at sedimentbuster.com, and the packaging bearing its patent number. *Supra* at ¶¶ 11, 67, 72-81.

124. Verhoff is the subject of the website representations, which name him as the inventor and describe what the patent awarded to him claims; he knew what the issued claims recite because he was the applicant on whose behalf the amendment adding the cartridge limitation was filed and the addressee of record for the office actions; and he personally signed the APEX submission asserting the same patent against Import Global’s product, which has no cartridge, without any explanation of how the cartridge limitation is met. *Supra* at ¶¶ 22-24, 64. On information and belief, for the reasons stated in Paragraph 24, Verhoff personally authored,

approved, directed, controlled, or ratified those representations. Verhoff was a moving, active, and conscious force behind the challenged patent-based advertising.

125. Those representations concern the nature, characteristics, qualities, innovation, exclusivity, and patent-protected status of Defendants' product.

126. The statements are literally false or, at minimum, misleading because the product sold does not include the cartridge required by every issued claim, the patent does not broadly claim all uses of air or water to remove sediment, and the patent claims no process. Import Global does not contend that a truthful statement identifying patent coverage of a combination that includes every claimed element is false merely because one element is sold separately; it challenges the representations that the standalone tool, as sold and as promoted for pump-based use, is itself covered by the '044 Patent.

127. Defendants disseminated the statements through packaging, the product itself, Amazon listings, and a public website in interstate commerce.

128. The misrepresentations are material. Patent protection and claimed innovation are likely to influence purchasing, retailer, distributor, and marketplace decisions and convey that competitors lack the right to sell functionally similar products that operate without a compressed gas cartridge.

129. Defendants' conduct actually deceived or had the tendency to deceive a substantial segment of the intended audience, including consumers and commercial platforms.

130. Defendants' marketplace statements about the '044 Patent were made in bad faith, for the reasons stated in paragraphs 84 and 85 and in Section G above: Defendants knew the claim language and the narrowing amendment, received three written notices identifying the missing limitation, and continued and revised the statements rather than correcting them.

131. Import Global has been and is likely to continue to be injured in sales, goodwill, customer access, retail distribution, ranking, advertising value, and its ability to compete.

132. The injury was proximately caused by Defendants' false patent-based representations and the competitive advantage and enforcement leverage derived from them.

133. Import Global is entitled to injunctive relief under 15 U.S.C. § 1116 and to Defendants' profits, Import Global's damages, costs, corrective relief, and other remedies under 15 U.S.C. § 1117.

134. Defendants' deliberate continuation after detailed written notice makes this an exceptional case warranting reasonable attorney's fees under 15 U.S.C. § 1117(a).

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
**(Against Sediment Buster, LLC, Plumbing Nerds MFG, LLC, and John Verhoff)**

135. Import Global incorporates paragraphs 1 through 91 as though fully set forth herein, but does not incorporate allegations of any other count.

136. Import Global has an identifiable and ongoing business relationship with Amazon that affords Import Global existing and prospective legal and economic rights, including the right to maintain compliant product listings and sell products to Amazon customers under Amazon's seller terms and policies.

137. Each Defendant had actual knowledge of that relationship and of the specific ASINs, inventory, planned and actual sales, and marketplace consequences of a patent complaint.

138. Sediment Buster intentionally interfered with that relationship by submitting the January 12, 2026 Amazon patent complaint and, after reinstatement and detailed notice, the July 2026 APEX assertion. *Supra* at ¶¶58, 64.

139. Verhoff intentionally interfered with that relationship by personally signing the July 21, 2026 APEX assertion that targeted Import Global's specific ASIN, representing the right to enforce the patent, and identifying claim 1 and ASIN B0G674JLLB for enforcement. *Supra* at ¶¶23, 64. Verhoff is individually liable because he personally committed, participated in, directed, or authorized the intentional interference.

140. Plumbing Nerds intentionally interfered with that relationship by participating in the Amazon enforcement submissions. Plumbing Nerds is the Amazon seller of record for the Sediment Buster storefront, *Exhibit T* at 3, the marketplace presence through which the Sediment Buster product competes with the Accused Product and in which the enforcement occurred; it is named on the July 2026 APEX submission as "licensed manufacturer, dba Sediment Buster"; it does business under the name in which both submissions were made; it shares Sediment Buster's address and managers; and it received the November 25, 2025 noninfringement opinion at its own email domain. *Supra* at ¶¶ 12-20, 64. On information and belief, the January 2026 Amazon patent complaint and the July 2026 APEX submission were made through, or with the participation and approval of, Plumbing Nerds, which benefited from the suppression of Import Global's listings as the seller of the competing product. That belief rests on the facts stated in Paragraphs 12 through 20 and 64.

141. The interference was unjustified and in bad faith. The assertion was objectively baseless because every issued claim requires a component absent from the Accused Product, the limitation was added to overcome prior art, and no viable direct or indirect infringement theory has been identified.

142. Defendants acted in subjective bad faith because they possessed and received the patent and prosecution record, knew the Accused Product lacked the limitation, ignored three

written communications setting out Import Global's noninfringement position, continued to misstate the patent's scope, and used the patent process to suppress a direct competitor.

143. Defendants' interference delayed the launch of Import Global's listing, forced immediate appeal and response costs, leaves Import Global's active listing subject to removal absent relief from this Court, and has impaired Import Global's Amazon relationship, diverted customers, and caused substantial expense and other damage.

144. Defendants' conduct was intentional, malicious, and undertaken with knowledge that the natural and probable consequence would be disruption of Import Global's Amazon business.

145. Import Global is entitled to compensatory damages, consequential damages, punitive damages to the extent permitted by Florida law, prejudgment interest, costs, and appropriate equitable relief.

**COUNT V**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(Against Sediment Buster, LLC, Plumbing Nerds MFG, LLC, and John Verhoff)**

146. Import Global incorporates paragraphs 1 through 91 as though fully set forth herein, but does not incorporate allegations of any other count.

147. Defendants engaged in trade or commerce within the meaning of FDUTPA by manufacturing, labeling, advertising, marketing, distributing, and selling the Sediment Buster product and by using marketplace enforcement to affect competing sales.

148. Defendants committed unfair or deceptive acts and practices, as set out in the following four paragraphs.

149. Falsely marking the standalone product as patented: Plumbing Nerds, which affixes the marking and packages the product; Sediment Buster, which authorized the use of its patent number on the packaging; and Verhoff, who, on information and belief and for the reasons stated in paragraph 24, authorized the marking. *Supra* at ¶¶ 12-20, 24, 66-69.

150. Overstating the ’044 Patent’s scope and representing patent rights not supported by the issued claims: all three Defendants, through the website statements that name Verhoff and describe what his patent claims, and Sediment Buster and Plumbing Nerds through the Amazon listings. *Supra* at ¶¶ 22, 72-74, 76.

151. Publishing qualified patent statements online after notice while continuing the unqualified marking on the product packaging: Sediment Buster and Plumbing Nerds. *Supra* at ¶¶76-83.

152. Using objectively baseless, bad-faith patent complaints to suppress Import Global’s competing product: Sediment Buster, which made both submissions; Verhoff, who signed the APEX submission; and Plumbing Nerds, as alleged in Paragraph 140.

153. The challenged practices are likely to mislead consumers and commercial actors acting reasonably under the circumstances and offend established public policy favoring truthful advertising, fair competition, and enforcement limited to actual patent claims. The practices are pleaded with the particularity required by Rule 9(b): the markings, statements, and submissions, the Defendant responsible for each, and the date, place, and medium of each are set out in Paragraphs 58, 64, and 66 through 86; why each was false is set out in Paragraphs 41 through 55 and 66 through 82; and how each misled consumers, retailers, and Amazon, and what Defendants gained from it, are set out in Paragraphs 58, 64, 85, 90, and 91.

154. Defendants' acts were willful and continued after written notice of the missing claim limitation and false-marking issue.

155. Import Global suffered actual damages as a direct result, including lost and delayed sales, customer diversion, impaired listing and advertising value, marketplace costs, and other measurable losses.

156. Import Global also faces continuing threatened injury from the pending APEX assertion and Defendants' ongoing marking and advertising.

157. Import Global is entitled to declaratory and injunctive relief under Fla. Stat. §501.211(1), actual damages under §501.211(2), and reasonable attorney's fees and costs under §501.2105.

158. To the extent federal patent law requires a showing of bad faith for a state-law claim based on patent enforcement communications, Import Global has specifically alleged both objective baselessness and subjective bad faith. The independent false-marking and false-advertising conduct also supports FDUTPA liability apart from the enforcement communications.

159. Verhoff is individually liable under FDUTPA because he was a direct participant in the deceptive practices: he personally signed the renewed APEX assertion, he is the subject of the website's patent representations, and, on information and belief and for the reasons stated in paragraph 24, he directed or approved the challenged patent representations and the marking.

## PRAYER FOR RELIEF

WHEREFORE, Import Global respectfully requests that the Court enter judgment in its favor and against Defendants, including against Verhoff individually for the claims in which he directly participated, as follows:

**A.** Declaring that Import Global's accused SEDIMENT GONE product, as presently configured and marketed, does not infringe claims 1 or 2 of U.S. Patent No. 11,084,044, directly or indirectly, literally or under the doctrine of equivalents;

**B.** Declaring that prosecution-history estoppel and the disclosure-dedication rule bar Sediment Buster from asserting that any Non-Cartridge Air Source satisfies the "compressed gas cartridge" limitation under the doctrine of equivalents;

**C.** Declaring that Import Global has not induced or contributorily infringed the '044 Patent and that its current manufacture, importation, marketing, offer for sale, sale, and use of the Accused Product are lawful with respect to the '044 Patent;

**D.** Entering preliminary and permanent injunctive relief, as appropriate, requiring Sediment Buster to retract or cause the retraction of the pending APEX assertion and any still-operative Amazon patent complaint against B0G674JLLB, B0GFPRHYKZ, and materially identical versions of the Accused Product;

**E.** Permanently enjoining Defendant Sediment Buster, and those acting in concert with them who receive actual notice, from asserting to Amazon or any other retailer, distributor, marketplace, or e-commerce platform that the Accused Product in its present configuration and marketing infringes the '044 Patent, absent a material product change or further order of this Court;

**F.** Permanently enjoining Defendants from falsely marking or falsely advertising the standalone Sediment Buster article as covered by the '044 Patent and from representing that the patent broadly claims all use of air or water to remove water heater sediment or claims any process;

**G.** Awarding Import Global damages adequate to compensate for competitive injury under 35 U.S.C. § 292(b), jointly and severally against each Defendant shown to have directly participated in the false marking;

**H.** Awarding Defendants' profits, Import Global's damages, corrective-advertising relief, costs, and all other remedies available under 15 U.S.C. § 1117, including against Verhoff individually to the extent permitted by law;

**I.** Awarding compensatory and consequential damages on the tortious-interference claim against all liable Defendants, including Verhoff individually, and punitive damages to the extent permitted by Florida law;

**J.** Awarding actual damages and equitable relief under Fla. Stat. § 501.211;

**K.** Declaring this an exceptional case and awarding reasonable attorney's fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), together with fees under Fla. Stat. § 501.2105 and any other applicable authority;

**L.** Awarding taxable costs, prejudgment interest, and post-judgment interest;

**M.** Ordering such corrective notices to Amazon, retailers, distributors, and consumers as the Court finds necessary to remedy Defendants' false patent representations and interference; and

**N.** Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Import Global demands a trial by jury on all claims and issues so triable.

Dated: October 30, 2026

Respectfully submitted,

By: /s/ Cole Carlson
Cole Carlson, Florida Bar No. 112863
LEAD TRIAL COUNSEL
CARLSON IP LAW, LLC
412 E Madison St, Suite 821
Tampa, FL 33602
cole@carlsoniplaw.com
Telephone: 813-445-5175

Patrick Reid
Florida Bar No. 112708
CARLSON IP LAW, LLC
412 E Madison St, Suite 821
Tampa, FL 33602
patrick.reid@carlsoniplaw.com

Mark Berkowitz (*pro hac vice*)
New York Bar No. 4566527
TARTER KRINSKY & DROGIN LLP
1350 Broadway, Floor 11
New York, New York 10018
212-216-1166
mberkowitz@tarterkrinsky.com

*Counsel for Plaintiff Import Global, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including Robert H. Thornburg (rthornburg@allendyer.com) and James R. Leahy (jleahy@allendyer.com), Allen, Dyer, Doppelt & Gilchrist, P.A., 121 Alhambra Plaza, Suite 1250, Coral Gables, FL 33134, counsel for Defendants.

/s/ Cole Carlson
Cole Carlson