**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:26-CV-62027-KUNTZ**

IMPORT GLOBAL LLC,

Plaintiff,

v.

SEDIMENT BUSTER, LCC,
PLUMBING NERDS MFG, LLC
and JOHN VERHOFF,

Defendant.
_________________________________/

**DEFENDANTS SEDIMENT BUSTER, LLC, PLUMBING NERDS MFG, LLC, AND JOHN VERHOFF'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Sediment Buster, LLC ("Sediment Buster"), Plumbing Nerds MFG ("Plumbing Nerds"), ("Corporate Defendants,") and John Verhoff ("Verhoff") (all three collectively "Defendants") move for dismissal of Plaintiff Import Global LLC's ("Plaintiff" or "Import Global") First Amended Complaint (the "FAC") under Rule 12(b)(6). In support, Defendants provide the following:

## I. INTRODUCTION

Verhoff is the inventor of U.S. Patent No. 11,084,0444 (the "'044 Patent") entitled "Sediment Buster for Water Container Flushing System Including Sediment Separator, and Associated Methods". D.E. 25-1, p. 2. Verhoff's invention saves users money on their energy bills, extends the life of water heater tanks, speeds up the heating of water, increases water pressure, and improves the clarity of hot water coming out of the water heater tank. D.E. 25-16, pp. 4-6. Verhoff's invention puts these benefits safely within reach of consumers because it is easy and safe to use. *Id.* The '044 Patent has since been assigned to Sediment Buster, with the sole licensee

for manufacture and production being Plumbing Nerds. D.E. 25, ¶¶11, 12, 14. Import Global is not a licensee of the '044 Patent and has instead sought a declaratory judgment action as well as personal liability of the '044 Patent's inventor, Verhoff.

But Import Global's effort to seek more than a declaration of patent non-infringement ignore binding case law precluding the claims and rest upon legally insufficient allegations. None of the foregoing are proper.

## II. ARGUMENT

### A. Count II (False Patent Marking) Must Be Dismissed

Count II of the FAC asserts false patent marking under 35 U.S.C. §292(b) against Defendants. D.E. 25, p. 29. False marking is defined by 35 U.S.C. §292(a) which provides in pertinent part "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public[.]" The Federal Circuit has held that a false marking claim therefore has two elements which must be pled under the standards of Federal Rule of Civil Procedure 9(b): "(1) marking an unpatented article and (2) intent to deceive the public" and "false marking claims must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which provides that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011).

#### 1. Import Global Cannot Allege First Element Against Any Defendant

Plaintiff's false patent marking challenge is based on the premise that "[t]he article Defendants actually package, offer for sale, and sell. . . does not include the compressed gas

cartridge required. . . and therefore is not covered by" the '044 Patent ***as sold***. D.E. 25, ¶108. [1] The FAC does not—and cannot—challenge that 'the article Defendants actually package' is made for use with a compressed gas cartridge. Nor does the FAC's challenge concerning instructions for use of 'the article Defendants actually package' match the FAC's provided evidence. The instructions on proper use of the product always provided to the customer instruct the customer "will need: . . . 3) Bicycle or Hand Pump (Air Compressor or CO2" as in a "CO2 gas cartridge" to be used "at your own risk)[.]" D.E. 25, ¶¶11, 79; D.E. 25-17, p. 5; D.E. 1-10, p. 2 ("to use with compressed gas cartridge (sold separately)"); D.E. 1-11, p. 2 ("adapts to ANY standard air source including CO2 gas cartridge, air compressor, or hand / bicycle pump (sold separately)").

In short, the FAC's exhibits demonstrate that purchasers of 'the article Defendants actually package' have ***always*** been instructed to use an air source which may include a $CO_2$ gas cartridge. Thus, the FAC is alleging Defendants are selling a component of the '044 Patent which is marked with the '044 Patent, the FAC fails to allege the first element (marking an unpatented article) and thus fails to state a claim for which relief can be granted.

Patent owners are required by statute to mark patented products to provide public notice and allow for damages recovery. 35 U.S.C. 287(a) ("Patentees, and persons making. . . any patented article for or under them. . . may give notice to the public that the same is patented[.] In the event of failure so to mark, no damages shall be recovered[.]"; *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 161-62 (1989). The requirement for patent owners to mark their products

---

[1] For purposes of this motion, Defendants assume *arguendo* the Complaint's allegations as to the '044 Patent, given this motion is made under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

applies even when the patent owner is selling a component which is to be assembled into the patented invention by purchasers. *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184-85 (Fed. Cir. 1994) ("Amsted's customers, to whom Amsted sold one element of the patented combination with the expectation that they would use that element to make. . . the patented invention, were implied licensees who were 'making or selling [the] patented article for or under [Amsted]' within the meaning of section 287.").

The Federal Circuit's binding *Amsted* decision is instructive here. 28 U.S.C. §1295(a)(1). Like here, the *Amsted* patentee sold a component to customers who were instructed to assemble and use the patented invention. 24 F.3d at 184-85; D.E. 25, ¶11; D.E. 25-17, p. 5; D.E. 1-10, p. 2; D.E. 1-11, p. 2. The *Amsted* patentee argued that it could not mark the component because marking a component of the patented invention would violate 35 U.S.C. § 292. 24 F.3d at 185. The Federal Circuit disagreed: "Amsted argues that had it marked its center plate [the component sold by Amsted to customers for assembly into the patented invention] it would have violated 35 U.S.C. § 292 which prohibits the marking of an unpatented article. **<u>This is not persuasive</u>**." *Id.*

The FAC alleges a violation of 35 U.S.C. § 292 which the Federal Circuit dispensed with thirty-two years ago: marking a component made and sold with instructions to use under the patent so marked is not a violation of 35 U.S.C. § 292. *Id.*; *Douglas Press v. Arrow Int'l*, 1997 U.S. Dist. LEXIS 9229, at *16-17 (N.D. Ill. June 26, 1997) ("[T]he [*Amsted*] court pointed out that the plaintiff could have satisfied the statute by marking either its own center plate, or by requiring the rail car builders to place the patent number on the finished product."); D.E. 25, ¶¶11, 108; D.E. 25-17, p. 5; D.E. 1-10, p. 2; D.E. 1-11, p. 2; *see also Mass. Inst. of Tech. v. Abacus Software, Inc.*, 2004 U.S. Dist. LEXIS 30052, at *66 (E.D. Tex. Aug. 4, 2004) ("Thus, in the balance struck by §§ 287(a) and 292, there is a clear weight on the side of marking, even if that results in a notice

that includes patents that may not actually cover the vended article. Indeed, cases suggest that so long as a patentee exercises good faith in deciding to mark particular articles, such a patentee is not liable for false marking under § 292, even if it later turns out that such articles are not covered by one or more claims of the listed patent."). Dismissal under Rule 12(b)(6) is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Ligget Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348 (Fed. Cir. 2018) ("[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)). The FAC's false patent marking allegations fail to state a cause of action under *Amsted* and therefore must be dismissed as to all Defendants.

**2. Import Global Cannot Allege First Element Against Verhoff**

Assuming the FAC's allegations can even state a cause of action for false patent marking under 35 U.S.C. § 292, the FAC fails to comply with the requirements of Rule 9(b) as to Verhoff. The FAC must "state with particularity the circumstances constituting fraud or mistake", *Juniper Networks*, 643 F.3d at 1350. The FAC must therefore state with specificity what Verhoff has done, individually (*ie*, how Verhoff has allegedly individually falsely marked an unpatented article), but fails to do so. The FAC does not allege that Verhoff has been physically marking products, or that Verhoff has personally advertised, marketed, or offered for sale a product claiming patent protection where no patent protection exists. ECF No. 25, ¶111.

Instead, the FAC points to the content of www.sedimentbuster.com. *Id.* at ¶¶22, 72-74, 111. But the FAC's purported captures of www.sedimentbuster.com[2] preclude the FAC's claims.

---

[2] Exhibits E and F are allegedly captures of the www.sedimentbuster.com website but are clearly deficient and incomplete captures. *E.g.*, ECF No. 25-5, p. 34. Defendants do not stipulate, agree, or otherwise admit to the content or veracity of Exhibits E and F, as the exhibits are

The FAC's own purported captures attribute the content of www.sedimentbuster.com to Sediment Buster LLC, not to Verhoff individually: "[a]ll content on this website including but not limited to images, videos, logos, and product information, is the property of Sediment Buster LLC[.]" ECF No. 25-5, p. 10; ECF No. 25-6, p. 14; ECF No. 25-13, p. 33.

The FAC's allegations of false patent marking against Verhoff rely entirely upon acts not attributable to Verhoff, individually, ***on the face of the FAC***. The first element of a false patent marking claim under 35 U.S.C. §292 is the ***marking*** of an unpatented article, and the FAC's allegations as to Verhoff rest on marking ***not performed by Verhoff***. Thus, the FAC's claim against Verhoff for false patent marking must fail, and Count II must be dismissed as to Verhoff.

**B. Count III (False Advertising) Must be Dismissed as to Verhoff**

The Lanham Act provides liability for false advertising where (1) a person has made a false or misleading commercial advertising or promotion; (2) that deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been, or is likely to be, injured. 15 U.S.C. §1125(a)(1)(B); *Tobinick v. Novella*, 848 F.3d 935, 950 (11th Cir. 2017); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004); *Incarcerated Entm't, LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1230 (M.D. Fla. 2017).

The FAC asserts a False Advertising Claim under the Lanham Act (15 U.S.C. §1125(a)(1)(B)) against Verhoff, individually, based on only two things: the content of www.sedimentbuster.com and a submission via Amazon's APEX process. ECF No. 25, ¶124. Neither can support a claim for false advertising against Verhoff. The FAC's allegations

---

unverified and incomplete. As this is a Rule 12(b)(6) motion, Defendants reference the content of the exhibits provided by Plaintiff.

concerning the website content fails as to the first element. The FAC avers that "[o]n information and belief. . . Verhoff personally authored, approved, directed, controlled, or ratified those representations", referencing the content of the www.sedimentbuster.com website. ECF No. 25, ¶124. But the content of www.sedimentbuster.com is attributable solely to Sediment Buster LLC, as described above, and the FAC's reliance on information and belief is not sufficient to state a claim for relief. *See United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The submission via Amazon's APEX process also fails the first element. A false advertising claim must concern "commercial advertising or promotion", 15 U.S.C. §1125(a)(1)(B), which is "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purposes of influencing consumers to buy defendant's goods or services; and, (4) the representations must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry.'" *Tobinick*, 848 F.3d at 950 (cleaned up). The Amazon APEX submission was sent directly to Amazon, who sent it directly to Import Global; it was not disseminated to purchasing consumers. *SnapRays v. Lightning Def. Grp.*, 100 F.4th 1371, 1373 (Fed. Cir. 2024); *see* ECF No. 25-10, p. 2. Further Sediment Buster had opted in to the terms of the process, which included a confidentiality provision applying to all but the ultimate outcome of the determination. ECF No. 25-10, p. 5 ("**Confidentiality; No Discovery.** Participants agree not to disclose to third parties information or documents. . . however, [ ] the fact that an Accused Product and ASIN [ ] was either removed or not. . . shall not be considered confidential."). The alleged Amazon APEX submission cannot constitute a commercial advertising or promotion under 15 U.S.C. §1125(a)(1)(B), and thus cannot

support a finding of false advertising against Verhoff. The FAC thus fails to state an actionable claim for false advertising against Verhoff, and Count III must be dismissed against Verhoff.

### C. Count IV (Tortious Interference with a Business Relationship) Must be Dismissed as to Plumbing Nerds

A tortious interference with a business relationship plaintiff must "demonstrate (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Coach Servs. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348-49 (11th Cir. 1987)). The FAC has not established the second element with respect to Plumbing Nerds.

The FAC's sole allegation of intentional interference is Plumbing Nerds purportedly "participating in the Amazon enforcement submissions" — an allegation based upon solely on information and belief and directly contradicting the FAC's exhibits and allegations as to Sediment Buster. ECF No. 25, ¶140. The FAC alleges that Sediment Buster, and not Plumbing Nerds, submitted the January 2026 Amazon patent complaint and the July 2026 APEX submission. *Id.* at ¶39. The facts pled by the FAC preclude the FAC from stating a claim of tortious interference with a business relationship against Plumbing Nerds because, as pled, the FAC does not allege Plumbing Nerds did ***anything*** to interfere. The FAC cannot state a claim against Plumbing Nerds based on the actions of others; Count IV must be dismissed as to Plumbing Nerds.

## III. CONCLUSION

Defendants respectfully request the Court dismiss Count II as to all Defendants, or in the alternative against Verhoff. Under binding Federal Circuit precedent, the complained of actions cannot constitute false patent marking under 35 U.S.C. § 292, and the FAC further fails to

adequately allege against Verhoff. Verhoff further respectfully requests the Court dismiss Count III against Verhoff because the FAC fails to state a claim. Plumbing Nerds respectfully requests the Court dismiss Count IV against itself as the Complaint alleges the complained of activities were not conducted or performed by Plumbing Nerds.

Date: November 13, 2026

Respectfully submitted,

**ALLEN, DYER, DOPPELT & GILCHRIST, P.A.**

**Robert H. Thornburg**

Robert H. Thornburg
Florida Bar No. 630829
E-mail: rthornburg@allendyer.com
James R. Leahy
Florida Bar No. 1044500
E-mail: jleahy@allendyer.com
121 Alhambra Plaza
Suite 1250
Coral Gables, FL 33134
Telephone: 305-374-8303
Facsimile: 305-374-8306

***Counsel for Defendants Sediment Buster, LLC, Plumbing Nerds MFG, and John Verhoff***